■ CHARLES P. BELL, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 41214.) — MEMORANDUM BY THE COURT. Claimant's real estate expert testified that the market value of the appropriated property, which consisted of a two-family house on a lot 100 feet deep and 42 feet in width on a street in Binghamton, was $16,250; supporting his opinion by reference to two comparable sales and stating that the land value plus reproduction cost of the building, less depreciation, was in approximately the same amount. The Court of Claims found $16,250 to be the fair and reasonable market value, thus rejecting the valuation of $10,800 set by the State's expert who, on cross-examination, said that he had not inspected the interior of the house and whose appraisal was based in large part on an inspection and report made by a former associate. Judgment affirmed, with costs. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.

■ In the Matter of the Claim of JOSEPHINE BOCCIA, Respondent, v. CITY OF NEW YORK, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the City of New York, a self-insured employer, from a decision of the Workmen's Compensation Board granting an award of death benefits. Appellant raises three arguments here: that a prior decision dismissing as an "afterthought, a claim by decedent for disability benefits on the same causal factors to which death was ultimately found causally connected was res judicata; that there is no substantial evidence that death was caused by an occupational hernia condition; and that certain evidence was erroneously accepted." The last two issues, however, were not properly raised in the application to review before the board and, as has been held, are not reviewable here (e.g., Matter of Hedlund v. United Exposition Decorating Co., 15 A D 2d 973, mot. for lv. to app. den. 11 N Y 2d 646; Matter of Braune v. Haas, 13 A D 2d 875; Matter of La Barge v. Mercy Gen. Hosp., 12 A D. 2d 689, mot. for lv. to app. den. 9 N Y 2d 610). As to the issue concerning res judicata, we can find no merit. The 1957 dismissal of and subsequent refusal to reopen decedent's claim for disability benefits does not preclude the board here from considering the death claim (Matter of Boettger v. Y. M. C. A., 266 App. Div. 810). Further, although the board did not choose to base its decision thereon, the continuing jurisdiction given the board over closed cases by section 123 of the Workmen's Compensation Law would permit the board to take the action here involved (Matter of Parella v. Harrod Steel Erection, 19 A D 2d 451, mot. for lv. to app. den. 13 N Y 2d 600). Matter of Lanning v. Erie R. R. Co. (265 App. Div. 576, affd. 291 N. Y. 688), if it still has an efficacy, is inapposite especially where as here a new claim, the claim for death benefits, and new evidence on the broad issue of causal relationship is presented. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Taylor and Hamm, JJ., concur.