■   In the Matter of the Claim of LORETTA LYMAN, Respondent, v. PINKER-TON NATIONAL DETECTIVE AGENCY et al., Appellants. WORKMEN'S COMPENSA-TION BOARD, Respondent.— STALEY, JR., J. Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board awarding death benefits, filed January 28, 1969, on the ground that there is no substantial evidence to support the board's finding that the decedent sustained an accident within the meaning of the Workmen's Compensation Law. Prior to November 14, 1965 decedent had been employed as a patrolman at the Aqueduct Race

Track and on that day was transferred to the job of assisting the ambulance driver. On November 18, 1965 decedent and the ambulance driver lifted a jockey weighing 105 pounds to a stretcher, and then lifted the jockey and the stretcher into the ambulance. When the ambulance arrived at the first aid station, they lifted the jockey and the stretcher from the ambulance and carried them a distance of 10 feet. A few minutes thereafter, while decedent was standing by the side of the ambulance, he collapsed and died. The board found: " That the decedent's described work activities involved more strenuous exertion than the ordinary wear and tear of life and caused him to suffer an injury to the descending anterior branch of his left coronary artery, which in turn caused him to suffer damage to his myocardium resulting in ventricular irrit[i]bility and death on November 18, 1965, that the said work activities and injury to the coronary artery are an accidental injury within the meaning of the Workmen's Compensation Law, and that death is causally related thereto." These determinations are factual and thus within the sole province of the board if supported by substantial evidence. Here there is. competent medical proof that the exertion involved could not be separated from decedent's death; that the lifting, under the circumstances, was " excessive strain " and, therefore, we cannot say that the board- cannot properly find that the work involved more strenuous exertion than the ordinary wear and tear of life and was thus an accident. (*Matter of Burris* v. *Lewis*, 2 N Y 2d 323; *Matter of Castellano* v. *B & A Specialties Co.*, 23 A D 2d 931, affd. 17 N Y 2d 713; *Matter of Rothstein* v. *Fuller Brush Co.*, 30 A D 2d 748; *Matter of Tassillo* v. *Gilbert Carrier Corp.*, 30 A D 2d 8; *Matter of Prue* v. *Empire Scrap Metals*, 32 A D 2d 680.) Similarly the question of causal relationship is factual, and in this record there is sufficient medical testimony to support the board's decision. Appellant also contends that the Referee's refusal to adjourn the case to permit the carrier to produce its medical expert, as well as a copy of the autopsy protocol, was reversible error. The record indicates that appellant had sufficient opportunity to produce its doctor and that the case was adjourned for that purpose, but that the doctor was either involved at some other place or on vacation. In addition, counsel for appellant admitted that he did not expect the doctor to testify differently from his written report which was accepted into evidence and considered by the board. The refusal of the Referee to adjourn the case for the taking of the doctor's testimony was not prejudicial to the appellant. (*Matter of Mullaney* v. *Harrison Radiator Division, General Motors Corp.*, 272 App. Div. 982.) Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Sweeney, JJ., concur in memorandum by Staley, Jr., J.