■ In the Matter of the Claim of MARIO SEPULVEDA, Appellant, v. FISCHL BROS. BUTTON Co. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant from a decision of the Workmen's Compensation Board, filed June 22, 1970, which determined that claimant was employed from August 1, 1962 at earnings in excess of his former wages and giving carrier credit for overpayment of $4,428.47. Claimant suffered a compensable injury on January 17, 1957 and was awarded benefits of $21.18 per week by decision dated June 19, 1961. Thereafter, he performed odd jobs for his parish church and received payments characterized as charity. On July 9, 1965 the case was reopened to determine whether such payments were earnings that warranted a substantial adjustment in rate. After a hearing, the Referee determined that the payments received by claimant were charity and the carrier was directed to continue payments until a change in condition or earnings. No appeal was taken from this decision. On July 15, 1969 the case was again reopened for consideration on the question of reduced earnings from August of 1962. After a hearing, the board by decision dated June 22, 1970 determined that "claimant was working as a porter subsequent to August 1, 1962 for which he was paid a salary, and that therefore he had no loss of earnings and was not entitled to further compensation". The question of whether claimant was an employee is a question of fact within the sole province of the board if supported by substantial evidence in the record. (Matter of Denman v. Many & Zanetti, 8 A D 2d 576, affd. 8 N Y 2d 799; Matter of Roberts v. Yellow Cab of Watertown, 35 A D 2d 1044.) Here, the statement signed by the parish priest, the regular payments to claimant, coupled with the fact that claimant did regularly perform some work at the church, constitute substantial evidence in support of the board's determination. The contention that the decision of the Referee, dated April 8, 1966, holding that the payments received by claimant prior thereto, were charity payments, which decision was not appealed, is binding on the respondents and the board, is without merit. The board's broad power includes the right to so modify a decision as to reach a different result upon the same record. (Matter of McSweeney v. Hammerlund Mfg. Co., 275 App. Div. 447, mot. for lv. to app. den. 301 N. Y. 815; Matter of Burch v. General Elec. Co., 36 A D 2d 868; Matter of Spaminato v. Bay Transp. Corp., 32 A D 2d 345.) Decision affirmed, without costs. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Simons, JJ., concur.

■ In the Matter of the Claim of MARIE CENTOFANTE, Appellant, v. BELCOO TAXI CORP. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed May 28, 1970. The board's factual determination that the decedent's death was not causally related to his employment was supported by substantial evidence in the testimony of respondents' medical expert. (Matter of Palermo v. Gallucci & Sons, 5 N Y 2d 529.) Furthermore, with respect to appellant's application for reconsideration there was no abuse of discretion on the part of the board in denying the appellant the right to submit evidence which was known and was previously available to the claimant. (Matter of Aiello v. Rissel Constr. Corp., 37 A D 2d 884.) Decision affirmed, without costs. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Simons, JJ., concur.