■ THERESA KRAEGER, Respondent, v GEORGIA-PACIFIC CORP., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal by the self-insured employer from a decision of the Workmen's Compensation Board, filed March 6, 1975. Claimant, a 21-year-old millworker, sustained a back injury on October 10, 1972 while working in the employer's paper mill. Awards have been paid by the employer for continuing periods of total and partial disability. The board found that the claimant's disability is attributable to the accidental injury of October 10, 1972; that the awards as made by the referee were proper and in accordance with the evidence and that a penalty against the employer for failure to make the first payment of the award timely was justified. The board found further that the claimant's hospitalization and surgery were necessary, and excused the failure to obtain authorization therefor. On this appeal the employer contends that the board's findings were improperly made because it was not afforded the opportunity to present evidence or to develop the record on the disputed issues before the board, and for that reason, the employer argues, the board's decision is not supported by substantial evidence. We do not agree.

The record makes clear that the employer filed a report of accidental injury that occurred on October 10, 1972; that the claimant was provided with medical care due to that injury; and that the employer did not controvert claimant's right to compensation. Payment of compensation benefits to the claimant did not commence until 50 days after the accidental injury occurred, and thus, the employer became liable to payment of a penalty of 10% of the compensation due (Workmen's Compensation Law, § 25, subd 1, par [c]). The record discloses further that the question of whether claimant's disability was causally related to the accident of October 10, 1972 was raised for the first time on the appeal before the board from the referee's decision. The attorney for the employer admits that no attempt was made to produce any evidence before the referee to dispute the claim of causally related disability, and also admits that the file in this case was mishandled by the employer's former representatives, and that the case was "badly" investigated. It is apparent that the employer's present attorney is now attempting to correct the mistakes previously made by other representatives of the employer. We find no merit, however, to the contention that the board arrived at its determination "without affording the employer the opportunity to present its witnesses and cross-examine opposing witnesses". Nor is there a lack of substantial evidence to support the board's finding that claimant's disability resulted from the accidental injury of October 10, 1972. Finally, we conclude that the board properly directed payment to be made by the employer for the claimant's hospitalization and surgery. Under the circumstances existing in this case, where claimant's physician advised the employer by letter of July 2, 1973 that in view of the severity of physical findings he admitted the claimant to the hospital on June 25, 1973, and that after being discharged claimant was readmitted to the hospital on July 15, 1973 because of increased pain and disability, and underwent surgery on July 19, 1973 for a herniated disc, it is clear that the hospitalization and the surgery were required in an emergency. The board's finding that hospitalization and surgery were necessary was sufficient to dispense with authorization in view of the attendant emergency situation, as contemplated by subdivision (5) of section 13-a of the Workmen's Compensation Law. In this regard also, the absence of proof to challenge the employer's responsibility for the hospitalization and surgery is due to the failures or omissions on the part of the employers' representatives, as disclosed by the record, and not because the employer was not afforded the opportunity to develop the record, as it contends. Claimant's attorney points to no statutory authority for his request for an additional allowance of $2,500 to $3,000 for his fees and disbursements, nor do we find any basis for making such an award. Decision affirmed, with one bill of costs to respondents filing briefs. Koreman, P. J., Greenblott, Kane, Main and Reynolds, JJ., concur.