In the Matter of the Claim of HENRY ORTIZ, Respondent, v BERKEL ELECTRIC Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from decisions of the Workmen's Compensation Board, filed February 6, 1976 and December 28, 1976. Claimant, while employed as an apprentice electrician by Berkel Electric Company, fell four stories on the job site and sustained a fracture of the calcaneous of the left foot and facial lacerations. He was awarded a schedule loss of 50% loss of use of the left foot and $600 for his facial scars. The case was closed on October 30, 1973. Subsequently, on claimant's application the case was reopened to determine his entitlement to supplementary benefits pursuant to section 15 (subd 3, par [v]) of the Workmen's Compensation Law. On January 28, 1975, a hearing was adjourned for the parties to produce proof of claimant's earning capacity. On March 4, 1975 the hearing resumed and the carrier requested a short continuance to produce statements from claimant's recent employers

as to his capacity to engage in work and to have claimant re-examined by a physician. The referee advised the carrier that it must produce names at the next hearing or be penalized for dilatory tactics. However, on April 8, 1975, the scheduled hearing was adjourned without testimony for unavailability of witnesses. On May 20, 1975, the hearing was finally held. The carrier produced no names and no witnesses as directed but only a hearsay letter from a former employer of claimant. The referee refused any further adjournment to the carrier, and on May 22, 1975 awarded claimant supplemental benefits. The award was affirmed by the board on February 6, 1976, modified by the referee as to amount on March 11, 1976 and affirmed again by the board on December 28, 1976. Appellants contend that the board's decision is not supported by substantial evidence. Their claim is not meritorious. The permanent 50% loss of use of claimant's left foot had already been established. The testimony of the claimant, if believed, was sufficient to support the finding of the board that such disability was the sole cause for claimant's inability to work. Claimant testified he had two specific jobs open to him which he was unable to perform because of the pain in his left foot. It is within the exclusive province of the board to determine the credibility of the claimant (Workmen's Compensation Law, § 20; *Matter of Sugnet v Hanna Furnace Corp.,* 33 AD2d 1064). Appellants argue that the referee abused her discretion in not further adjourning the May 20, 1975 hearing. However, it has been held that where the party seeking such an adjournment is at fault, or without excuse for failing to timely present evidence in its case, especially in the case of a carrier, it is not an abuse of discretion to deny such an adjournment or reopening *(Matter of Rusyniak v Syracuse Flying School,* 37 NY2d 384, 388; *Matter of Kraeger v Georgia-Pacific Corp.,* 53 AD2d 929, 930; *Matter of Lyman v Pinkerton Nat. Detective Agency,* 33 AD2d 937, 938). This case fits well within the above-stated principle and no error was committed by the referee in denying a further adjournment here. Appellants' application to the board for review of the referee's decision did not raise the issue of whether or not there was substantial evidence to support the board's determination of claimant's compensation rate and, thus, that issue may not be considered by this court on this appeal *(Matter of Middleton v Coxsackie Correctional Facility,* 38 NY2d 130, 132, 133). Decisions affirmed, with costs to the Workmen's Compensation Board against the employer and its insurance carrier. Greenblott, J. P., Kane, Larkin, Mikoll and Herlihy, JJ., concur.