■ In the Matter of the Claim of PEDRO LOPEZ, Respondent, v NEW YORK CITY HOUSING AUTHORITY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed July 27, 1978, which found that claimant sustained an occupational hernia. On February 20, 1976, claimant filed a compensation claim in which he alleged that he injured his right side on July 12, 1973. The supportive medical affidavit contained a diagnosis of "incisional hernia, huge". At the hearing of April 28, 1976, the referee ruled that the claim was for an accident and was barred by the two-year limitation of section 28 of the Workers' Compensation Law. On the same day, claimant filed a new claim and after a hearing held on June 21, 1977, the referee found an occupational disease and causal relationship for an incisional hernia and fixed the date of disablement as January 19, 1976. After restoration and further hearings for additional medical testimony, the referee reaffirmed and reinstated his prior decision. The employer and carrier appealed to the board on the ground that the first determination dismissing the claim for lateness was *res judicata* and the subject claim must be dismissed. The board affirmed the referee and this appeal ensued. Despite the lack of an appeal from the determination of April 28, 1976 dismissing the original claim on the ground of timeliness (Workers' Compensation Law, § 28), section 123 of the same law grants the board broad powers of continuing jurisdiction over closed cases, including the right to so modify a decision as to reach a different result on the same record (*Matter of Sepulveda v Fischl*

Bros. Button Co., 38 AD2d 983; *Matter of Burch v General Elec. Co.,* 36 AD2d 868; *Matter of Spaminato v Bay Transp. Corp.,* 32 AD2d 345; *Matter of Boccia v City of New York,* 24 AD2d 663, affd 18 NY2d 804). Since there is medical evidence substantially supportive of the board's conclusion that heavy lifting and bending were responsible for the gradual development of the occupational hernia, the board's determination must be affirmed. The other contentions raised by appellants are without merit. Decision affirmed, with costs to the Workers' Compensation Board, against the employer and its insurance carrier. Mahoney, P. J., Greenblott, Kane and Mikoll, JJ., concur; Main, J., not taking part.