■ In the Matter of the Claim of MARIA SAMMARITANO, Respondent, v ATTRACTIVE FASHIONS, INC., Respondent, and INVESTORS INSURANCE COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. — Appeals from decisions of the Workers' Compensation Board, filed October 23, 1981, as amended by decision filed November 19, 1981 and September 15, 1982. On this claim for benefits, the employer conceded that questions of accident, notice and causal relationship. The workers' compensation insurance carrier raised the issue of coverage claiming proper cancellation of its policy (Workers' Compensation Law, § 54, subd 5). On each of five scheduled hearing dates, this issue of coverage was noticed for determination. Four hearings were adjourned because of the employer's or its counsel's absence. At the fifth scheduled hearing on February 18, 1981, the referee denied the carrier's request for adjournment sought because its file was misplaced and held the carrier had failed to prove proper cancellation. The carrier sought board review contending its underwriting file had since been located and requesting that "the matter be restored to the trial calendar for a full development of the record on the issue of proper cancellation and coverage". The board affirmed, finding that the carrier had ample opportunity to present its case and, upon reconsideration, reaffirmed this determination by decision filed September 15, 1982. We are limited in our review to the question of whether the board's action in refusing to restore the case to the calendar was arbitrary and capricious or an abuse of discretion (*Matter of Garafolo v Arms Hills Supermarkets,* 87 AD2d 937). Where a party, especially a carrier, is at fault or without excuse for failing to present evidence on time, it is not an abuse of discretion to deny an adjournment or reopening (*Matter of Ortiz v Berkel Elec. Co.,* 61 AD2d 872). The carrier argues it has been penalized for the failure of another party; further, since it requested an adjournment at the last hearing only, such request should have been granted. While the record confirms the employer's repeated failure to appear, it is eminently clear that the issue of coverage and cancellation was raised from the outset and that the carrier was repeatedly notified to be prepared. The location of the file after the referee's decision does not render this an instance of newly discovered evidence sufficient to establish a viable excuse since the carrier had the file in its possession and presumably available at all times (see *Matter of Rusyniak v Syracuse Flying School,* 37 NY2d 384, 390-391; *Matter of Centofante v Belcoo Taxi Corp.,* 38 AD2d 983). The board was not obligated to accept the carrier's excuse that it had misplaced the file. Moreover, counsel at both the February 18, 1981 hearing and again before the board conceded that the carrier had failed to produce the necessary information despite several opportunities to do so. These admissions demonstrate that the carrier was unprepared throughout these proceedings and not simply at the hearing on February

18, 1981. We cannot say that the board abused its discretion in refusing to excuse the carrier's laxity and, while the penalty is substantial, it is essentially self-imposed. Since the only relief requested before the board was to rescind the decision of the referee and restore the case to the calendar, we need not reach the merits of the coverage issue (*Matter of Middleton v Coxsackie Correctional Facility*, 38 NY2d 130, 132-133). Decisions affirmed, with costs to the Workers' Compensation Board against the insurance carrier. Mahoney, P. J.,, Sweeney, Main, Casey and Weiss, JJ., concur.