◼ In the Matter of the Claim of GUISEPPE DI LEONARDO, Respondent, v HEATHCOTE FISH MARKET et al., Appellants, et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed August 9, 1982. Claimant sustained injuries as the result of an automobile accident on March 22, 1979 while he was operating a vehicle registered to his employer Ralph Pragliola, doing business as Heathcote Fish Market. While a claim was not filed until August 19, 1980, claimant did give notice to his employer the day after the accident. At the initial hearing

held on February 23, 1981, a question arose as to whether Atlantic Mutual Insurance Company (Atlantic) or Hartford Accident and Indemnity Company (Hartford) was the workers' compensation carrier on the risk at the time of the accident. Although Atlantic was not present at the first hearing, no testimony was taken. On February 25, 1981, claimant's attorney notified Atlantic by letter as to what happened at the hearing and that the next hearing was scheduled for April 6 1981. Atlantic did not subpoena any witnesses for the adjourned hearing, relying on the fact that Hartford subpoenaed claimant's employer who failed to appear. The referee then scheduled a hearing for May 22, 1981 and stated that it would be the final opportunity to produce the employer on the issues of accident, notice and causal relationship. When the employer did not appear on that date, the referee denied Atlantic's request for another adjournment and made an award to claimant. On July 27, 1981, a hearing was held on the questions of cancellation and dual coverage. The employer testified but the referee confined his testimony to the issues of cancellation and dual coverage and dismissed Hartford from the case. The board found that Atlantic was on notice of the hearings held on April 6 and May 22, 1981 and had ample opportunity to litigate the issues in this case. This appeal ensued and Atlantic contends that the refusal to grant another adjournment to further develop the record was arbitrary, capricious and an abuse of discretion. It also contends that the finding of no dual coverage is not supported by substantial evidence. Thereafter, Atlantic applied for review of the May 22, 1981 determination on the issues of accident, notice and causal relationship but made no mention of the issue of coverage. The question of adjournment is within the discretion of the hearing officer. It is well established that where a party, especially a carrier, is at fault or without excuse for failing to present evidence on time, it is not an abuse of discretion to deny an adjournment or application for reopening (*Matter of Sammaritano v Attractive Fashions*, 96 AD2d 627; *Matter of Ortiz v Berkel Elec. Co.*, 61 AD2d 872). On this record, we are of the view that there is substantial evidence to support the board's finding that Atlantic had ample opportunity to present proof on the issues and failed to do so. The other issue of dual coverage was not raised before the board and, consequently, may not be considered by this court on appeal (*Matter of Middleton v Coxsackie Correctional Facility*, 38 NY2d 130, 132-133). Decision affirmed, with costs to the Workers' Compensation Board. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.