■ In the Matter of the Claim of STANLEY S. KENT, Respondent, v CITY OF BUFFALO BOARD OF EDUCATION, Appellant. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed June 13, 1983.

This is an appeal by a self-insured employer from a decision of the Workers' Compensation Board affirming a hearing officer's decision barring the employer from litigating the issues of "accident" and "accident arising out of and in the course of employment" on the ground that the employer inexcusably failed to file its notice of controversy within 25 days after the Board had indexed the claim for compensation benefits.

Section 25 (subd 2, par [b]) of the Workers' Compensation Law provides that if the Board notifies an employer or insurer that it has indexed a compensation claim, the employer or insurer must file a notice of controversy within 25 days from the date of mailing of a notice that the case has been indexed. The statute further provides that failure to file the notice of controversy within the prescribed time "shall bar the employer and his insurance carrier from pleading that the injured person was not at the time of the accident an employee of the employer, or that the employee did not sustain an accidental injury, or that the injury did not arise out of and in the course of employment".

Here, claimant filed his claim for benefits on December 22, 1981. The Board indexed the claim and mailed the statutorily required notice to the employer on February 1, 1982. The required notice of controversy was not filed until April 1, 1982, 25 days beyond the last date for filing. While the Board is empowered, in the "interest of justice", to lift the pleading bar if the employer or insurer can demonstrate that the late filing resulted from "mistake, inadvertence, omission, irregularity, defect or surprise" (Workers' Compensation Law, § 25, subd 2, par [b]), no such showing was made by the employer before the hearing officer. Indeed, the employer admitted that the filing of the notice of controversy was late. Granting such relief on the ground that, given sufficient time, the employer can prove that claimant's claim is meritless is not contemplated by the statute.

The grounds for excusing a late filing must be construed in consonance with the fundamental principle that "the compensation law is to protect the worker, not the employer" (*Matter of Illaqua v Barr-Llewellyn Buick Co.,* 81 AD2d 708). While the pleading bar imposes a substantial penalty on the employer, "it is essentially self-imposed" (*Matter of Sammaritano v Attractive Fashions,* 96 AD2d 627, 628, mot for lv to app den 60 NY2d 558). We see no need to interfere with the hearing officer's discretion as affirmed by the Board.

Decision affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.