■ In the Matter of Claim of JOHN SASS, Respondent, v AMR ELECTRO CONDUITS, INC., et al., Appellants, et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. — Levine, J. Appeal from an amended decision of the Workers' Compensation Board, filed May 18, 1984.

Claimant was employed as a tractor trailer truck driver when, on November 20, 1981, he was involved in an accident which rendered him a quadriplegic. On November 27, 1981, AMR Electro Conduits, Inc. (AMR), sent an employer's injury report

to its insurance carrier, the State Insurance Fund (Fund), advising it of claimant's accidental injury. Claimant filed a claim for compensation with the Fund on December 11, 1981, stating that he had been injured in the course of his employment with AMR. The Workers' Compensation Board indexed the claim on December 23, 1981. On December 29, 1981, the Fund notified the Board that it did not controvert claimant's right to benefits. However, on August 19, 1982, after the Fund had already begun payment of benefits and almost eight months after the filing deadline set by Workers' Compensation Law § 25 (2) (b), it filed a notice of controversy with the board, alleging "newly discovered evidence" showing, *inter alia,* that claimant was not injured in the course of his employment (he had allegedly deviated far from his truck route at the time) and/or that he was employed by National Trailer Convoy, Inc., and not AMR on the date in question. The Board refused to excuse the carrier's late filing of its notice of controversy. This appeal ensued.

Workers' Compensation Law § 25 (2) (b) provides that a notice of controversy must be filed within 25 days from the date of mailing of a notice that the case has been indexed. Failure to file within this time period "shall bar the employer and his insurance carrier from pleading that the injured person was not at the time of the accident an employee of the employer * * * or that the injury did not arise out of and in the course of the employment" (Workers' Compensation Law § 25 [2] [b]). The Board has the discretionary power, in the "interest of justice", to lift this pleading bar if it can be demonstrated that the late filing resulted from "mistake, inadvertence * * * or * * * newly discovered evidence" (Workers' Compensation Law § 25 [2] [b]).

In the instant matter, the Fund argues that its lateness should be excused on the ground of newly discovered evidence. This was obtained by the Fund after it was advised in June 1982 by Empire Mutual Insurance Company that claimant had sent a claim for benefits to it as the carrier for National Trailer Convoy, a company by whom claimant had also been employed. The Fund then began an investigation of the circumstances surrounding claimant's accident which, the Fund contends, disclosed facts showing that it should not have been held liable for claimant's injuries.

This information, however, is in the nature of belatedly obtained rather than newly discovered evidence (*see, Matter of Albrecht v Orange County Community Coll.,* 80 AD2d 926). The facts surrounding claimant's injury were available to the Fund from the date of the accident. Its failure to mount an investigation until it was fortuitously put on notice that it should do so is

not sufficient to excuse its late filing (*see, Matter of Rusyniak v Syracuse Flying School,* 37 NY2d 384, 387). While the result to the carrier is a harsh one, it should be noted that this forfeiture is essentially self-imposed (*see, Matter of Kent v City of Buffalo Bd. of Educ.,* 105 AD2d 516, 517).

It must also be noted that our review here is limited to a determination of whether the Board's action in refusing to restore this case to the hearing calendar was arbitrary and capricious or an abuse of discretion (*see, Matter of Sammaritano v Attractive Fashions,* 96 AD2d 627, *lv denied* 60 NY2d 558; *Matter of Parish v Rolex Plastics,* 90 AD2d 625, *lv denied* 58 NY2d 604). On the record presented here, it cannot be said that the Board violated that standard.

Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.