■ In the Matter of the Claim of MARSHALL SCHULMAN, Respondent, v LEDERLE LABORATORIES et al., Appellants. WORK-ERS' COMPENSATION BOARD, Respondent. [648 NYS2d 55] —Appeal from a decision of the Workers' Compensation Board, filed December 7, 1994, which ruled that claimant sustained a compensable injury.

Claimant worked as a member of the employer's hazardous waste emergency response team. In February 1993 claimant filed a claim for workers' compensation benefits, contending that he had been exposed to toxic chemicals in August 1991 while working to contain a spill from an overturned gasoline truck and that this exposure had caused him to suffer a blood disorder known as myelodysplastic syndrome. After a hearing, a Workers' Compensation Judge (hereinafter WCLJ) ruled that claimant had established that his myelodysplasia was causally related to his employment. On appeal, the Board affirmed the WCLJ's determination, rejecting the contention that the matter should have been adjourned to develop the record on the issue of causal relationship. This appeal by the employer and its insurance carrier ensued.

We affirm. At the time the employer moved for an adjournment before the WCLJ, the record already contained substantial evidence of causal relationship based on medical reports submitted by both claimant's physician and the physician retained by the carrier. The carrier had ample time to present evidence before its motion for an adjournment. Hence, the denial thereof cannot be said to constitute an abuse of discretion (see, Matter of Sammaritano v Attractive Fashions, 96 AD2d 627, lv denied 60 NY2d 558).

Mikoll, J. P., Mercure, White, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.