■ In the Matter of the Claim of MELANIE DOERLE, Respondent, v JC PENNEY COMPANY, INC., Appellant. WORKERS' COMPENSATION BOARD, Respondent. [692 NYS2d 527] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed October 2, 1997, which ruled that claimant sustained a compensable injury and awarded workers' compensation benefits.

Claimant filed a claim for workers' compensation benefits, claiming that she had sustained a work-related injury to her back in May 1996. Although the employer initially indicated that it would not contest claimant's right to compensation, the employer's representative stated at a hearing on November 1, 1996 that information had been received indicating that claimant had injured her back during a personal activity and not at work. The employer requested an opportunity to present two witnesses to testify on the question of whether claimant actually sustained a work-related injury. The Workers' Compensation Law Judge (hereinafter WCLJ) scheduled a hearing on December 23, 1996 for the testimony of claimant and the employer's two witnesses.

Claimant appeared and testified at the scheduled hearing, but the employer did not produce its two witnesses, claiming that one witness, Lewis Zupan, was in Florida and offering no excuse for the absence of the other witness, a chiropractor who had treated claimant. After claimant testified that she had seen Zupan in the area the previous evening, and based upon the employer's inability to provide a satisfactory explanation of the efforts it had made to produce the witnesses, the WCLJ denied the employer's request for an adjournment, found that claimant had sustained a compensable injury and awarded benefits. On appeal, the Workers' Compensation Board affirmed the WCLJ's determination.

The employer contends that the Board erred in concluding that the employer was not entitled to another opportunity to produce its witnesses. "It is well established that where a party, especially a carrier, is at fault or without excuse for failing to present evidence on time, it is not an abuse of discretion to deny an adjournment or application for reopening" (*Matter*

*of Di Leonardo v Heathcote Fish Mkt.*, 97 AD2d 576, 577). The record supports the Board's conclusion that the employer had ample opportunity to produce its witnesses and failed to avail itself of that opportunity. It is clear from the record that the employer made no effort to produce either witness.

With regard to Zupan, the employer failed to explain the basis for its belief that Zupan was in Florida, apparently made no effort to confirm that he was there and, if he was there, made no effort to determine whether he could or would return for the hearing. These failings, coupled with claimant's testimony that she saw Zupan the evening before the hearing, support the Board's conclusion that the employer failed to avail itself of the opportunity to produce Zupan.

With regard to the chiropractor, the employer conceded that it had no idea why the witness did not appear. At the hearing before the WCLJ and again at the hearing before the Board, the employer offered no explanation of the steps it took to obtain his appearance. The chiropractor was not being produced as an expert witness, but merely to testify regarding claimant's admission that she did not sustain her injury at work. The absence of any effort by the employer to produce the chiropractor or explain his absence supports the Board's conclusion that the employer failed to avail itself of the opportunity to produce the witness.

Inasmuch as the evidence demonstrates that the employer was at fault and without excuse for failing to produce the two witnesses, the Board did not abuse its discretion in refusing to disturb the WCLJ's denial of an adjournment (*see, Matter of Di Leonardo v Heathcote Fish Mkt., supra*; *see also, Matter of Schulman v Lederle Labs.*, 232 AD2d 684). The decision must, therefore, be affirmed.

Mercure, J. P., Peters, Spain and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.