■ In the Matter of the Claim of TIMOTHY SMITH, Respondent, v SPECIALTY SERVICES, INC., Respondent, and RELIANCE INSURANCE COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [696 NYS2d 534] —Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed July 22, 1996, which, *inter alia*, refused to excuse the workers' compensation insurance carrier's late notice of controversy.

Claimant was employed as a construction foreman by Specialty Services, Inc. During several months in 1991, claimant performed construction work at a friend's church in Pennsylvania and received payments directly from the church. Claimant's work at the church was subject to the needs of Specialty in New York and claimant received a reduced salary and other benefits from Specialty while he worked at the church. Claimant was injured during the course of his work at the church and, on October 31, 1991, Specialty filed a report of

a work-related accident. The employer's workers' compensation insurance carrier received notice of the injury on November 4, 1991 and began paying workers' compensation benefits shortly thereafter. The Workers' Compensation Board filed its notice of indexing of the case in February 1992. The carrier thereafter filed a notice of controversy on July 24, 1992. The Board ruled, *inter alia*, that the notice of controversy was untimely and that the carrier failed to demonstrate good cause sufficient to excuse the late filing. The carrier appeals.

The carrier's notice of controversy was not filed within 25 days of the notice that the Board indexed the case and, as a result, the carrier was barred from pleading the absence of an employer-employee relationship or that the injury did not arise out of and in the course of employment (*see*, Workers' Compensation Law § 25 [2] [b]). The Board has the discretionary power to lift this pleading bar if it can be demonstrated that the late filing resulted from one of the grounds specified in Workers' Compensation Law § 25 (2) (b) (*see, Matter of Sass v AMR Electro Conduits*, 111 AD2d 1061, 1062). Relying on the grounds of surprise, mistake and newly discovered evidence, the carrier argues that, as a result of the failure of claimant and Specialty to voluntarily disclose the church's involvement, the carrier did not learn that claimant was performing services directly for the church until it filed the notice of controversy in July 1992.

It was the carrier's burden to demonstrate the existence of one of the statutory grounds for excusing the late filing, and those grounds must be construed in consonance with the fundamental principle that the Workers' Compensation Law is designed to protect the worker, not the employer or its carrier (*see, Matter of Kent v City of Buffalo Bd. of Educ.*, 105 AD2d 516, 517). Other than the notice of controversy itself, there is no evidence to demonstrate when or how the carrier learned of the facts which prompted the carrier to file the notice. Absent from the record is any evidence to show that the carrier was hindered in its investigation or that, with due diligence, it could not have discovered sufficient facts to timely file its notice of controversy. In this regard, we note that the carrier had more than three months to investigate the matter before the 25-day period began to run in February 1992. Based upon the evidence in the record, there is no basis to disturb the Board's conclusion that this is a case of belatedly obtained evidence, which is not a sufficient ground for excusing the late filing (*see, Matter of Sass v AMR Electro Conduits, supra*). Accordingly, there is no need to consider the carrier's arguments concerning the Board's alternative ruling on the merits of the issues raised by the untimely notice of controversy.

Mikoll, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.