■ In the Matter of the Claim of OLIVER J. POTTER, Respondent, v SPRINGBROOK APARTMENTS, INC., et al., Appellants.

WORKERS' COMPENSATION BOARD, Respondent. [747 NYS2d 265]
—Lahtinen, J.

On July 7, 1999, claimant, a building maintenance employee, was operating a floor buffing machine at the apartment complex where he worked when a tenant stepped on the power cord. According to claimant, this caused the machine to stop and kick back toward him, striking him in the ribs. The employer filed a C-2 report of injury on claimant's behalf and a hearing was subsequently conducted before a Workers' Compensation Law Judge (hereinafter WCLJ). At the hearing, the WCLJ denied a request by the employer's workers' compensation carrier to take the testimony of, among others, claimant's supervisor, who the carrier maintained would testify that the buffing machine would not have operated in the manner described by claimant. The WCLJ denied the carrier's request, found accident, notice and causal relationship, and awarded claimant benefits. The Workers' Compensation Board affirmed the WCLJ's decision, resulting in this appeal.

The employer and carrier contend that inasmuch as claimant's supervisor would have given testimony relevant to whether claimant sustained an accident at work, the WCLJ's denial of the carrier's request to have this individual testify amounted to a deprivation of due process. We disagree. There is no regulatory provision which requires that a WCLJ grant an adjournment of the hearing to permit an employer or carrier to present the testimony of a witness on the issue of accident (see 12 NYCRR 300.10 [b], [c]). Under the circumstances presented here, the WCLJ did not abuse his discretion in declining to do so. Claimant's supervisor could not have testified as to the circumstances of the incident as he did not witness it nor did the carrier indicate that claimant's supervisor was qualified to testify as an expert on the operation of the buffing machine. Thus, he did not have personal knowledge of facts relevant to the issue in dispute as did the witnesses in *Matter of Sullivan v Paul Smith's Coll. of Arts & Sciences* (265 AD2d 767) and *Matter of Angelo v New York State Assn. of Learning Disabled* (221 AD2d 832), relied upon by claimant. In any event, the record reveals that the carrier provided the WCLJ with a prehearing conference statement of claimant's supervisor wherein he indicated that the buffing machine would have been "neutralized" if someone stepped on the cord. Consequently, the employer was not prejudiced by the WCLJ's

decision (*see Matter of Lyman v Pinkerton Natl. Detective Agency*, 33 AD2d 937, 938).

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.