■ In the Matter of the Claim of FREDERICK METZGER, Respondent, v CHAMPION INTERNATIONAL CORPORATION et al.,

---

Appellants. WORKERS' COMPENSATION BOARD, Respondent. [753 NYS2d 597] —Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed January 2, 2001, which, inter alia, denied the workers' compensation carrier's request for an adjournment of the hearing to obtain a consultant's medical opinion on the issue of permanency.

Claimant, a pulp tester for a paper company, was carrying samples of raw material at work on December 3, 1994 when he slipped on the cement floor, striking his right hip and thigh on a large electric motor. Thereafter, he filed a claim for workers' compensation benefits. On August 8, 1997, a hearing was conducted before a Workers' Compensation Law Judge (hereinafter WCLJ) during which testimony was given by claimant and his medical expert, Richard Withington. The workers' compensation carrier's expert was also scheduled to testify, but did not appear at the hearing. Although the carrier's medical expert was subpoenaed to testify at an adjourned hearing on October 20, 1997, he did not appear at that hearing and the carrier's request for a further adjournment was denied. By decision filed December 8, 1997, the WCLJ established claimant's case for accident, notice and causal relationship for injury to the right hip and thigh and directed the parties to file medical opinions on the question of causally related permanency. The carrier's application for review of the WCLJ's denial of its request for a further adjournment was denied by the Workers' Compensation Board on jurisdictional grounds (see 12 NYCRR 300.10 [b]) and, on August 26, 1999, the Board notified the parties that the case was being processed for a hearing and they should file medical opinions on the question of permanency as directed by the WCLJ's December 8, 1997 decision.

Thereafter, the parties were advised that a further hearing was scheduled for February 3, 2000 for the purpose of submitting medical opinions on the issue of causally related permanency. Claimant's counsel submitted a report from Withington finding a 66²/₃% schedule loss of use, which was provided to the carrier's counsel one day before the hearing. The carrier did not submit a report from its own medical expert, but requested an opportunity to cross-examine Withington and to obtain a consultant's medical opinion on the issue of permanency. The WCLJ granted the carrier's request to cross-examine Withington, but denied it the opportunity to obtain a consultant's medical opinion. Following the carrier's cross-examination of Withington, the WCLJ awarded claimant a schedule loss of use of 66²/₃% of the right leg. The Board upheld the WCLJ's decision, resulting in this appeal by the

employer and carrier (hereinafter collectively referred to as the carrier).

The carrier's sole contention on appeal is that the Board erred in precluding it from obtaining a consultant's medical opinion concerning whether claimant suffered a schedule loss of use, particularly since Withington's opinion finding a schedule loss of use was not provided until a day before the hearing. We find this contention unavailing. "Where a party, especially a carrier, is at fault or without excuse for failing to present evidence on time, it is not an abuse of discretion to deny an adjournment" (*Matter of Sammaritano v Attractive Fashions*, 96 AD2d 627, 627, *lv denied* 60 NY2d 558 [citation omitted]; *see Matter of Di Leonardo v Heathcote Fish Mkt.*, 97 AD2d 576, 577). Here, the parties were advised at least three times well in advance of the February 3, 2000 hearing that they were to present medical opinion evidence on the issue of permanency. The carrier ignored this directive, waiting until claimant produced Withington's report to request a consultant's medical opinion. The timing of Withington's report is not an excuse for the carrier's omission. The carrier's failure to produce medical opinion evidence on the question of permanency at the hearing appears attributable to its "own lack of preparedness" (*Matter of Roselli v Middletown School Dist.*, 144 AD2d 223, 225; *see Matter of Rose v International Paper Co.*, 290 AD2d 664, 666). Since the carrier has failed to make a compelling showing warranting an adjournment in order to obtain a consultant's medical opinion, we find no abuse of discretion in the denial of the carrier's request (*see* 12 NYCRR 300.10 [b]).

Mercure, J.P., Crew III, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, with costs.