■ In the Matter of the Claim of IRENE FLEISCHER, Respondent, v McKENICA CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [762 NYS2d 698] —Carpinello, J. Appeal from an amended decision of the Workers' Compensation Board, filed December 23, 2002, which ruled, inter alia, that Travelers Insurance Company is the proper workers' compensation carrier liable for awards to decedent.

On August 26, 1997, Paul Fleischer (hereinafter decedent), an employee of McKenica Corporation (hereinafter the employer), died while on a business trip to China. In August 1999, decedent's widow filed a claim for workers' compensation death benefits on behalf of herself and their two minor children. The Workers' Compensation Board sent form EC-84.1 to the purported workers' compensation carrier, National Union Fire Insurance Company, on September 9, 1999. This form recited the date of the accident, the identities of claimant and the employer and, significantly, carried a Board case number reflecting the indexing of the claim. A similar form was also mailed to Travelers Insurance Company on January 13, 2000 with the same information. Thereafter, by notice dated July 11, 2000, both National Union and Travelers were advised that the case had been scheduled for a hearing on July 31, 2000. Apparently, as the result of its receipt of the notice of hearing, Travelers filed a notice controverting the claim which was received by the Board on July 24, 2000. This was the first notice of controversy filed by either carrier. Also, prior to the hearing, on July 20, 2000, a "corrected" notice of indexing (form EC-84) was mailed by the Board to the employer, National Union and Travelers.

At the July 31, 2000 hearing, an attorney for National Union and a representative for Travelers were in attendance. The Travelers representative indicated to the Workers' Compensation Law Judge (hereinafter WCLJ) that Travelers was *not* the carrier for the employer during the applicable time period. Accordingly, Travelers was discharged from the case. The WCLJ ultimately found that there had been a failure to timely file a notice of controversy within 25 days of the indexing of the case and, thus, any contest to certain elements of the claim was barred by Workers' Compensation Law § 25 (2) (b). The WCLJ

also found that decedent's death arose out of his employment, citing the presumption contained in Workers' Compensation Law § 21 (1).

Subsequently, both National Union and Travelers applied for Board review of the WCLJ's decision after it was determined that, in fact, National Union was not the carrier at risk and that, contrary to the earlier representation, Travelers was indeed the employer's carrier at the time of decedent's death. This error was attributed to a "computer glitch." The Board ultimately relieved National Union from liability, found Travelers to be the carrier at risk for the claim and otherwise affirmed the WCLJ's finding that the notice of controversy was untimely, and that the presumption of Workers' Compensation Law § 21 (1) adequately supported a finding of causally-related death. The employer now appeals, arguing that (1) the 25-day time period for controverting the claim ran from July 20, 2000, the date of mailing of the "corrected" notice, (2) its notice of controversy was thus timely filed and (3) it should be allowed to present evidence on the issues of accident, notice and causal relationship, and the applicability of the presumption contained in Workers' Compensation Law § 21.

Workers' Compensation Law § 25 (2) (b) requires that a notice of controversy be filed within 25 days of the mailing of the notice of indexing to the employer or its workers' compensation carrier and the failure to timely file such a notice bars any contest to certain elements of the claim (*see Matter of Sass v AMR Electro Conduits*, 111 AD2d 1061, 1062 [1985]). Although the record shows that the Board's initial September 9, 1999 notice was sent only to National Union, it is also clear that the Board requested a notice of controversy from Travelers with regard to this claim on January 13, 2000. This form contained essentially the same information as the "corrected" EC-84 sent on July 20, 2000, including an express direction to Workers' Compensation Law § 25. We, therefore, find adequate support for the Board's determination that the notice of controversy was untimely. Under the particular circumstances of this case, we also find no basis for disagreement with the Board's reliance on the presumption found in Workers' Compensation Law § 21 (1) to establish that decedent's death arose out of and was causally related to his employment.

Mercure, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the amended decision is affirmed, without costs.