██ In the Matter of the Claim of Laurie McDonald-Besheme, Respondent, v Verizon Wireless, Inc., Appellant. Workers' Compensation Board, Respondent. [806 NYS2d 754]—

Kane, J. Appeal from a decision of the Workers' Compensation Board, filed June 29, 2004, which, inter alia, refused to excuse the employer's late notice of controversy.

Claimant, an operations specialist for the employer, slipped and fell outside her home on her way to a meeting with a customer in March 2003. Claimant injured her wrist as a result of this fall and subsequently filed a claim for workers' compensation benefits. A Workers' Compensation Law Judge found that the employer's notice of controversy was untimely and, as a result, precluded the employer from pleading absence of an employer-employee relationship or that the injury did not arise out of and in the course of employment. Upon review, the Work-

ers' Compensation Board upheld the determination and the employer now appeals.

Workers' Compensation Law § 25 (2) (b) requires that a notice of controversy be filed within 25 days of the mailing of the notice of indexing to the employer. Failure to timely file the notice of controversy precludes the employer from contesting the existence of an employer-employee relationship or that the injury arose out of and in the course of the claimant's employment (*see* Workers' Compensation Law § 25 [2] [b]; *Matter of Fleischer v McKenica Corp.*, 307 AD2d 597, 598 [2003], *lv denied* 2 NY3d 702 [2004]; *Matter of Smith v Specialty Servs.*, 264 AD2d 906, 907 [1999]). The Board may, in its discretion, decline to impose this penalty if the employer demonstrates good cause such as mistake, defect or newly discovered evidence (*see* Workers' Compensation Law § 25 [2] [b]; *Matter of Smith v Specialty Servs., supra* at 907; *Matter of Sass v AMR Electro Conduits*, 111 AD2d 1061, 1062 [1985]). Here, claimant notified the employer of her injury on the date of the accident in March 2003. The notice of indexing was sent to the employer at both its Brooklyn and Watertown offices on August 1, 2003. However, the employer failed to file a notice of controversy until September 19, 2003. The employer has not provided evidence of good cause for the delay sufficient for us to conclude that the Board abused its discretion in refusing to excuse its late filing (*see Matter of Fleischer v McKenica Corp., supra* at 598; *Matter of Smith v Specialty Servs., supra* at 907; *Matter of Sass v AMR Electro Conduits, supra* at 1063).

Mercure, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.