■ In the Matter of the Claim of GARY BEERS, Respondent, v JUMP START ADVANCED ACADEMICS et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [868 NYS2d 390]—

Cardona, P.J.

Claimant filed a claim for a work-related injury in May 2005, which was controverted by his employer and its workers' compensation carrier (hereinafter collectively referred to as the

carrier). The carrier, after having received a notice of hearing at the address it supplied to the Workers' Compensation Board, appeared at the first hearing in August 2005. A subsequent hearing was scheduled for December 5, 2005. However, while a notice for that hearing was sent to the carrier at the same address, the carrier failed to appear. The hearing was held in the carrier's absence. Thereafter, relying on the testimony of claimant, claimant's medical reports and an independent medical examination, the Workers' Compensation Law Judge (hereinafter WCLJ) ruled that claimant had established accident, notice and causation, and awarded benefits. The carrier sought Board review, claiming a violation of due process because it had allegedly not received notice of the December 2005 hearing. Noting, among other things, that the notice of hearing had not been returned by the post office, the Board found no credible evidence to establish that the carrier had not received notice and upheld the decision of the WCLJ, prompting this appeal.

Initially, to the extent that, on this appeal, the carrier continues its argument that it was denied due process because of the alleged nonreceipt of notice of the December 2005 hearing, we are unpersuaded. The Board specifically failed to credit the carrier's assertions in that regard and "it is not this Court's function to second-guess the Board's resolution of factual and credibility issues" (*Matter of Little v Gaines Elec. Contr., Inc.*, 36 AD3d 1056, 1057 [2007] [citation and internal quotation marks omitted]).

We also find lacking in merit the carrier's generalized due process claims, i.e., that the WCLJ erred in not attempting to contact the carrier's attorney or adjourning the matter upon the carrier's nonappearance at the December 2005 hearing and, further, that it was an abuse of discretion for the Board not to rescind the decision and order a new hearing on that basis. Notably, the regulations do not specifically provide for adjournments in situations where the carrier has failed to appear. Moreover, while 12 NYCRR 300.10 (b) permits a WCLJ to grant an adjournment where a carrier fails to present scheduled evidence, this remedy is discretionary. Thus, while it certainly would have been permissible for the WCLJ to accord the carrier latitude with respect to the default in appearance, since the carrier has presented no excuse for the failure to appear at the hearing aside from the claimed nonreceipt of notice, we cannot conclude that an abuse of discretion occurred herein (*see e.g. Matter of Finchum v Colaiacomo*, 1 AD3d 672, 673 [2003]) and, therefore, we find no basis to reverse the Board's decision (*see generally Matter of Donlin v West Babylon Fire Dist.*, 1 AD3d

813, 814 [2003]; *Matter of Doerle v JC Penney Co.*, 262 AD2d 882, 882-883 [1999]; *Matter of Di Leonardo v Heathcote Fish Market*, 97 AD2d 576, 577 [1983]; cf. *Matter of Olistin v Wellington*, 3 AD3d 618, 619 [2004]).

Finally, although the carrier also challenges specific findings in the WCLJ's decision in favor of claimant, we find the arguments unpreserved inasmuch as they were not raised in the carrier's application for Board review (*see Matter of Martin v New York Tel.*, 46 AD3d 1136, 1137 n [2007]; *Matter of Toner v Michael Hanley Moving & Stor.*, 40 AD3d 1199, 1200 [2007], *lv denied* 9 NY3d 808 [2007]).

Spain, Carpinello, Malone Jr. and Stein, JJ., concur. Ordered that the decision is affirmed, with costs to claimant.