In the Matter of the Claim of RUFUS BROWNE, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [888 NYS2d 649]—

Stein, J. Appeal from a decision of the Workers' Compensation Board, filed July 31, 2008, which ruled that there was no prima facie medical evidence of a causally related injury.

Claimant, a railroad track employee, was bending down to pick up a rail flag when he began experiencing weakness on the left side of his body. He went to the hospital the next day and was diagnosed with having suffered a stroke. Thereafter, claimant submitted an application for workers' compensation benefits, asserting that his stroke arose out of and in the course of his employment. The self-insured employer challenged that assertion and a hearing was held. Following the hearing, at which no testimony was taken, a Workers' Compensation Law Judge determined that there was no prima facie medical evidence of a causal relationship between claimant's stroke and his employment and designated the claim "no further action" pending claimant's submission of such. Upon review, the Workers' Compensation Board upheld that determination, prompting this appeal.

We reverse. Inasmuch as the employer never refuted the allegation that the onset of claimant's symptoms occurred while he was at work, claimant was entitled to the statutory presumption that his stroke arose out of and in the course of his employment (see Workers' Compensation Law § 21 [1]; Matter of Koenig v State Ins. Fund, 4 AD3d 671, 672 [2004]; Matter of Scalzo v St. Joseph's Hosp., 297 AD2d 883, 884 [2002]). Here, the record is clear that neither the Workers' Compensation Law Judge nor the Board gave claimant the benefit of that presumption and it was "err[or to] requir[e] claimant to come forward, in the first instance, with prima facie medical evidence of a causal relationship between" his injury and his employment (Matter of Barrington v Hudson Val. Fruit Juice, 297 AD2d 886, 886 [2002]; see Matter of Holmes v Kelly Farm & Garden, 1 AD3d 743, 743-744 [2003]). Accordingly, this matter must be remitted to the Board to afford the employer an opportunity to rebut the presumption and, if it does so, to then allow claimant to proffer other prima facie evidence of causality (see generally Matter of Boni-Phillips v Oliver, 56 AD3d 1073, 1073, 1074 [2008]; compare Matter of Schwartz v Hebrew Academy of Five Towns, 39 AD3d 1134, 1135 [2007], lv denied 9 NY3d 807 [2007]).

Peters, J.P., Spain, Rose and Kane, JJ., concur. Ordered that

the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.