■ In the Matter of the Claim of JEAN STEVENSON, Respondent, v YELLOW ROADWAY CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. (And Another Related Claim.) [980 NYS2d 622]—

Stein, J. Appeal from a decision of the Workers' Compensation Board, filed May 4, 2012, which ruled that decedent's death was causally related to his employment.

On March 17, 2010, decedent, a tractor trailer operator employed by Yellow Roadway Corporation, crashed his tractor trailer into a toll booth and sustained critical injuries. At some point either before or after the accident, decedent suffered a massive stroke and died two days later. Claimant, his widow, subsequently filed a claim for workers' compensation death benefits, as well as a claim on his behalf. After a notice of indexing was mailed to the employer and the employer's workers' compensation carrier (hereinafter collectively referred to as the employer), the employer filed a C-7 form controverting the claim on the basis of, among other things, whether it was premised on an accident arising out of and in the course of employment. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) found that the employer had not timely controverted the claim and was, therefore, barred from challenging, among other things, the causal relation between decedent's

injury and death and his employment. Nonetheless, the WCLJ concluded that the case was not ripe for adjudication based upon claimant's failure to produce prima facie medical evidence of a causally related death. A majority of the Workers' Compensation Board panel affirmed the WCLJ's decision. Upon review, the full Board agreed that the employer was barred from raising defenses to the claim and, relying upon the presumption of compensability set forth in Workers' Compensation Law § 21 (1), established the claim for a causally related death. The employer now appeals and we affirm.

Initially, we reject the employer's assertion that claimant failed to meet her burden of establishing a casually related death. "Pursuant to Workers' Compensation Law § 21 (1), a presumption of compensability exists where, as here, an unwitnessed or unexplained injury occurs during the course of the affected worker's employment" (*Matter of Richman v NYS Unified Ct. Sys.*, 91 AD3d 1014, 1015 [2012], *lv denied* 19 NY3d 811 [2012]; *see Matter of Brown v Clifton Recycling*, 1 AD3d 735, 735 [2003]). As relevant here, the statutory presumption is applicable where either a stroke occurs during work (*see Matter of Pengal v Chloe Foods Corp.*, 111 AD3d 1030, 1031 [2013]; *Matter of Barrington v Hudson Val. Fruit Juice*, 297 AD2d 886, 886-887 [2002]) or where the onset of stroke symptoms occurs during work (*see Matter of Browne v New York City Tr. Auth.*, 66 AD3d 1290, 1290 [2009]). If the presumption is applicable, a claimant is not required " 'to come forward, in the first instance, with prima facie medical evidence of a causal relationship between' [the] injury and [the] employment" (*id.* at 1290, quoting *Matter of Barrington v Hudson Val. Fruit Juice*, 297 AD2d at 886-887).

Here, it is undisputed that decedent was working when his tractor trailer—without any apparent cause or explanation—struck the toll booth. Decedent was transported to the hospital emergency room, where he had, among other things, a noted decrease in mental status, was disoriented and gave inappropriate responses to hospital staff. He showed minimal movements of his right lower extremities, required intubation for airway control and had episodic cardiac arrhythmia. A CAT scan of his head performed the following day revealed a "massive left cerebral artery infarct" (stroke).[1] Inasmuch as decedent clearly had an accident while working, and it was either the stroke that caused the accident or the accident that caused the stroke, the

---

**1.** The original death certificate listed the cause of death as "pending investigation" and the Board refused to consider the amended death certificate because it was not timely submitted.

Board properly applied the presumption that decedent's injury was causally related to his employment (*see* Workers' Compensation Law § 21 [1]; *Matter of Browne v New York City Tr. Auth.*, 66 AD3d at 1290; *Matter of Fleischer v McKenica Corp.*, 307 AD2d 597, 598 [2003], *lv denied* 2 NY3d 702 [2004]).

Although an employer may ordinarily rebut the presumption of compensability with "substantial evidence to the contrary" (*Matter of Pengal v Chloe Foods Corp.*, 111 AD3d at 1031; *see* Workers' Compensation Law § 21 [1]; *Matter of Fatima v MTA Bridges & Tunnels*, 106 AD3d 1327, 1327-1328 [2013]), the employer was unable to do so here. Pursuant to Workers' Compensation Law § 25 (2) (b), an employer must file a notice of controversy within 25 days of the mailing of the notice of indexing to the employer. Failure to timely file the notice of controversy precludes the employer from contesting, among other things, that the injury and/or death arose out of and in the course of a decedent's employment (*see* Workers' Compensation Law § 25 [2] [b]; *Matter of Cappellino v Baumann & Sons Bus Co.*, 18 NY3d 890, 891-892 [2012]; *Matter of McDonald-Besheme v Verizon Wireless, Inc.*, 24 AD3d 1068, 1069 [2005]). Here, it is undisputed that the employer did not timely file the C-7 notice of controversy, and "there was no showing of good cause or other reason to excuse the failure" (*Matter of Cappellino v Baumann & Sons Bus Co.*, 18 NY3d at 892; *see Matter of McDonald-Besheme v Verizon Wireless, Inc.*, 24 AD3d at 1069). Therefore, the Board properly precluded the employer from offering evidence disputing claimant's proof on the issue of causation[2] and established the claim for a causally related death (*see Matter of Fleischer v McKenica Corp.*, 307 AD2d at 598).

Peters, P.J., Lahtinen and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.

---

**2.** The evidence submitted by the employer consisted of a physician's report that indicated—without any explanation—that decedent's accident was not the result of his cause of death. We agree with the Board that, even if the report was considered, it would have had "little probative value."