Matter of Lawrence v Department of Corr. of the City of N.Y. (2019 NY Slip Op 09064)





Matter of Lawrence v Department of Corr. of the City of N.Y.


2019 NY Slip Op 09064


Decided on December 19, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 19, 2019

527545

[*1]In the Matter of the Claim of William Lawrence, as Executor of the Estate of Richard Massie, Deceased, Appellant,
v
Department of Correction of the City of New York, Respondent. Workers' Compensation Board, Respondent.

Calendar Date: November 14, 2019

Before: Garry, P.J., Clark, Mulvey, Pritzker and Reynolds Fitzgerald, JJ.


Geoffrey Schotter, New York City, for appellant.
Zachary W. Carter, Corporation Counsel, New York City (R. Emily Rodriguez of counsel), for Department of Correction of the City of New York, respondent.



Mulvey, J.
Appeal from a decision of the Workers' Compensation Board, filed June 15, 2018, which ruled, among other things, that the Workers' Compensation Law Judge properly denied claimant's testimony on the issue of decedent's labor market reattachment.
Richard Massie (hereinafter decedent) worked as a counselor at a correctional facility for approximately 23 years. He was involved in a work-related accident in June 2010 and filed a claim for workers' compensation benefits. His claim was established for injuries to his right knee and back. Thereafter, a Workers' Compensation Law Judge (hereinafter WCLJ) found that the time that decedent lost from work after October 17, 2012 was unrelated to his established injuries; this decision was upheld by the Workers' Compensation Board. Decedent subsequently raised the issue of his reattachment to the labor market, and the WCLJ directed a hearing on this issue.
In December 2015, decedent provided testimony on his labor market reattachment and described his creation of a business designed to assist inmates' re-entry to society following their release from prison. The WCLJ adjourned the hearing before decedent's testimony was complete and scheduled another hearing for February 11, 2016. Decedent, however, passed away on February 5, 2016. Claimant was subsequently appointed the executor of decedent's estate and continued the case on the estate's behalf. The WCLJ held another hearing in October 2016 and claimant requested to testify on the issue of decedent's labor market reattachment. The WCLJ, however, denied his request and closed the case.
In November 2016, claimant submitted a variety of documents pertaining to decedent's labor market reattachment to the Board's electronic case file and filed an application for Board review of the WCLJ's decision denying his testimony. A panel of the Board ruled, among other things, that the WCLJ properly denied claimant's testimony, and the panel refused to consider the additional documents due to the absence of an affidavit explaining why this documentation was not submitted to the WCLJ at or before the October 2016 hearing (see 12 NYCRR 300.13 [b] [1] [iii]). Claimant submitted an application for mandatory full Board review of this decision. The full Board ruled, among other things, that the Board panel properly declined to consider the additional documentation and that the WCLJ properly denied claimant's testimony. Claimant appeals.
Initially, contrary to claimant's contention, the Board panel did not err in refusing to consider documents that were not previously submitted to the WCLJ. The Board's regulations provide that an appealing party seeking to "introduce additional documentary evidence in the administrative appeal that was not presented before the [WCLJ] . . . must submit a sworn affidavit, setting forth the evidence, and explaining why it could not have been presented before the [WCLJ]. . . . Newly filed evidence submitted without the affidavit will not be considered by the Board panel" (12 NYCRR 300.13 [b] [1] [iii]). Here, claimant did not provide any affidavit and did not explain why the subject documentation was not submitted to the WCLJ. Although claimant maintains that the documents were presented to the WCLJ at the December 2015 hearing, the hearing transcript reveals that they were mentioned and apparently in the possession of decedent's licensed representative, but does not indicate that they were actually "presented" to the WCLJ or submitted as evidence. Accordingly, absent an appropriate affidavit, the Board was precluded from considering such documents (see Matter of Casale v St. Catherine's of Siena Medical Ctr., 156 AD3d 1070, 1071 [2017]).
In addition, we reject claimant's assertion that the WCLJ improperly denied his testimony. At the hearing that resumed after decedent's death, claimant's licensed representative proposed that claimant testify as "a close friend of [decedent]" and as "a retired professor of economics . . . responsible [for] creat[ing] 3,000 small businesses." The licensed representative sought to "offer [claimant] as an expert in the field of small business investment and solicit his opinion [o]n whether [decedent] was in a sustained consistent effort of employment." As it is not clear that claimant had personal knowledge of decedent's actual business activities, the relevancy of his testimony is questionable (see generally Matter of Potter v Springbrook Apts., 297 AD2d 884, 885 [2002]). Therefore, we find no error in the denial of claimant's testimony.
Garry, P.J., Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.