In the Matter of the Claim of VICTOR A. CARINCI, Respondent, against PITTSTON STEVEDORING CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, May 15, 1946.

*S. Chandler Fraser,* attorney for appellants.

*Nathaniel L. Goldstein, Attorney-General (Theodore M. Schwartz* and *Roy Wiedersum, Assistant Attorneys-General,* of counsel), for Workmen's Compensation Board, respondent.

HEFFERNAN, J. On June 2, 1944, while claimant, a longshoreman, was engaged in the regular course of his employment, he

sustained accidental injuries in the nature of a fracture of the shaft of the first and second metatarsals of the left foot, and fracture of the tuft of the terminal phalanx of the right great toe, all of which conditions, together with their resultant consequences and effects, resulted in a defect which is equivalent to a 33⅓% permanent loss of the use of the left foot and a 33⅓% permanent loss of the use of the right foot.

From the time of the accident until June 11, 1944, the claimant was treated by the employer's physician, who reported that claimant's disability was the result of accident and that there was no history or evidence of a "pre-existing injury or disease". From June 13, 1944, until September 8, 1944, claimant was treated by another physician who also stated that there was no history or evidence of any pre-existing injury or disease. On June 15, 1944, the insurance carrier voluntarily commenced paying compensation and continued making such payments until September 4, 1944.

The first hearing on the employee's claim was held on February 28, 1945. At that time claimant was examined by a State medical examiner. The doctor's verified medical report certified that there were "marked defects in flexion of both joints of the left big toe, and some lesser defects in flexion of both joints of the right big toe. There are equal flexion defects of the distal phalanges of the remaining toes of both feet."

When this report was received in evidence, the referee asked the appellants' representative if he was raising any qustions in the case to which the latter responded that he was not. Thereupon the referee said: "There will be a finding of accident, notice and causal relation". Appellants' representative made no objection to the statement of the referee or to his finding. An award of compensation was thereupon made for the period from June 3, 1944, to September 4, 1944.

The second and last hearing was held on June 6, 1945. The claimant was directed by the referee to submit to an examination by Dr. Rattner, a State medical examiner. At the conclusion of that examination, Dr. Rattner submitted a verified medical report certifying that there were "moderate defects at the distal joint of the great toe bilaterally, as well as marked defects at both interphalangeal joints of the second and third toes bilaterally" of both feet. The doctor was of the opinion that the defects were equivalent to a 15% permanent loss of the use of each foot. The appellants' representative objected to the report but made no request to cross-examine the doctor, but insisted that claimant should be examined by a board of

consultants. Claimant was immediately re-examined by Doctors Johnson and Klein. Their report, which was verified, showed the same condition as had been found earlier in the day by Dr. Rattner. However, the latter doctors were of the opinion that these defects were equivalent to a 33⅓% permanent loss of the use of each foot. Again, the appellants' representative made no objection to the report and made no requests to cross-examine the doctors. The referee thereupon made the award in question and the case was closed.

On June 11, 1945, the appellants wrote Miss Donlon, Chairwoman of the Board, in which they said: "The employer and carrier respectfully request this case be restored to the Calendar in order to give them an opportunity to produce the first attending physician, Dr. Henry A. Crane, Staten Island, New York, for the purpose of ascertaining the extent of a pre-existing defect. The carrier further respectfully requests opportunity to cross examine State Drs. Johnson, Klein and Rattner on their findings in light of new evidence to be produced."

The medical reports to which I have referred were received in evidence and were considered by the referee without any objection. These appellants were accorded ample opportunity at the hearings to raise any questions which they desired with respect to the medical reports, or to introduce evidence on any subject. Their request to examine the first attending physician for the purpose of ascertaining the extent of a pre-existing defect must be regarded as frivolous in view of the fact that the proof shows that there was no pre-existing defect. Their request to examine Doctors Johnson, Klein and Rattner "in light of new evidence to be produced" is likewise frivolous. They make no suggestion as to the nature of the alleged new evidence to be produced. Their request for a rehearing was properly denied by the board. Whether or not an application to reopen should be granted after an award is made is entirely discretionary with the board. (*Matter of McGuirk* v. *Harrington & Co., Inc.*, 262 App. Div. 980, leave to appeal denied, 287 N. Y. 854.)

The contention of appellants that the medical reports were not received in evidence is entirely without any merit. These reports were made and verified by the doctors; they were acted upon by all parties; they are incorporated in the record on appeal prepared by appellants, and that record is certified as correct. If appellants, in good faith, were dissatisfied with the record, and if it did not correctly record the proceedings had, a remedy

was available to them to have it resettled so as to conform to what actually took place. Their belated contention that it is incorrect must be regarded as an afterthought born of the emergency to serve their present needs. In my opinion this court has no authority to reverse the decision under review. Under the circumstances disclosed here a reversal is judicial usurpation of power.

The award should be affirmed, with costs to the Workmen's Compensation Board.

BREWSTER and FOSTER, JJ., concur; HILL, P. J., and LAWRENCE, J., dissent. The cross-examination should have been allowed. Shortly after the report was filed the request for the privilege of cross-examination was made.

Award and decision affirmed, with costs to the Workmen's Compensation Board.