In the Matter of the Claim of WILLIAM LAWRENCE, Respondent, against MEYER-GARRY, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. At the hearing claimant testified he was injured in a fall in the course of employment. The appellants contested the claim on the ground that claimant had been injured as the result of a fight. At the end of the hearing the carrier's attorney rested on the record with the statement that "It is very obvious that we can not substantiate" that defense. A few days after this hearing the carrier received a letter from another employer doing work on the same job stating that the claimant "was not hurt on the job while working" but had "started an argument with one of our men and hit our man with a piece of pipe." The appellants promptly applied to the board for a direction that the decision be held in abeyance and the case restored to the calendar for further testimony. The letter that the carrier had received, and two unsworn statements and a physician's report tending to support the application were filed. If the facts thus stated were true, the award would have been based on perjured testimony. The application to take further testimony was denied by the board on the ground that the evidence sought to be taken "cannot be characterized as newly discovered." On the argument here it was stated by appellants' counsel that the District Attorney has taken action based on the alleged claim of perjury in the compensation hearing. This is not in the record before the board or before us, and cannot be considered here. The board, of course, is right in regarding the evidence as not "newly discovered" in the technical sense. But a charge has been promptly made before the board by a responsible party having an interest in the proceeding, which if true, would indicate that the board has based its award on perjured testimony. The very minimum duty of the board in such respect is to direct a full investigation of the facts underlying its own decision. The board should not rest content with merely a good technical reason for denying further investigation when it has been given notice that the integrity of the testimony on which it has acted is under attack. It is not an adequate answer to say that this kind of determination is usually discretionary. There are circumstances where judicial supervision of such a decision is required. (Cf. Matter of Bozek v. Ferguson Co., 251 App. Div. 762.) Decision and award reversed, without costs, and the claim remitted to the board for its further consideration. Brewster, Deyo, Bergan and Coon, JJ., concur; Heffernan, J. P., dissents.