▆ In the Matter of the Claim of DELVINA BARROW, Respondent, against LOON LAKE HOTEL, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeals by employer and its insurance carrier (1) from a decision and award of the Workmen's Compensation Board for disability and death benefits and (2) from the board's denial of an application for reconsideration and for the opportunity to submit further proof. The award is predicated very largely, if not completely, upon proof that a heart attack sustained by decedent on June 25, 1952 was caused by work which decedent performed that day in holding a heavy electrical transformer with a block and tackle device while a coemployee secured it to a pole. There was strong proof, to some extent corroborated by documentary evidence, that the work of installing the transformer was actually performed about a month earlier, between May 24 and May 28. A majority of the board panel chose to accept the testimony of a fellow employee and the hearsay testimony that the event occurred on June 25, 1952. Shortly after the board's decision was filed and this appeal taken therefrom, appellants applied to the board to reopen to receive testimony of a former employee, one Polikoff, whom appellants had previously been unable to locate. It was said that Polikoff assisted in the installation of the transformer prior to the termination of his employment on May 29 and would so testify. Appellants proposed to submit also a moving picture film said to show decedent and Polikoff together on the premises. In support of their application, appellants submitted an affidavit by Polikoff and proof of the efforts made to locate him. The question as to the date of the installation of the transformer was crucial, in the state of the medical proof when the evidence closed, as two of the three board members participating in the subsequent review and decision recognized. One of the two members concurring in the decision indicated on the hearing that he considered the finding of the June date as controlling on the issue of causation. The dissenting member found that the work was performed on May 28 and voted to refer the case to an impartial cardiologist for an opinion as to causation on the basis of overexertion on that date. So clear a recognition of the vital nature of the time factor, as well as due concern for the intergrity of its own decision, should have impelled the exercise of the board's discretion to direct a hearing upon which the proffered evidence would be received. Were it found credible, then the decision and award previously made would have been based largely on the perjured testimony of at least one witness. That testimony was also necessary, in large part, to the corrobor-

ation of the other evidence, hearsay in nature, as to the date in question. In such case our duty to remit is clear. (See *Matter of Lawrence* v. *Meyer-Garry, Inc.*, 278 App. Div. 990; *Matter of McLaskey* v. *City of New York*, 277 App. Div. 1068.) The board contends, however, that its denial of the application was in the form of a letter signed by the secretary of the Workmen's Compensation Board which was not filed within the meaning of section 23 of the Workmen's Compensation Law, providing that an appeal may be taken to this court "within twenty days after notice of the filing of the decision of the board". Rule 14 of the Rules and Procedure of the Workmen's Compensation Board provides that application may be made by any party for rehearing or reopening of a claim and prescribes the procedure upon such application. The procedure having been complied with, the board was bound to entertain the application and, as necessarily follows, to determine it. The form of the determination is of no moment here as the effect of the paper, whatever it may be labeled, was to announce the board's denial of the application. Neither may the board be heard to say that its own decision, although subscribed by its authority and communicated to appellants, was not filed nor notice thereof given within the meaning of the statute, with the result that the board might thus prevent an appeal indefinitely. The board's remaining contentions that its discretionary determination is not subject to review and that section 23 permits an appeal only from a board decision rendered upon a review of a referee's decision, were presented in the *Lawrence* and *McLaskey* cases (*supra*) and rejected. Of course, the court's power to review will be exercised only when the board's action has been found to be arbitrary or capricious. Decisions and award reversed, with costs to appellants against the Workmen's Compensation Board, and case remitted to the Workmen's Compensation Board for further proceedings. Foster, P. J., Coon, Halpern and Gibson, JJ., concur.