In the Matter of the Claim of Wayne H. Lu Core, Respondent, against Hooker Electrochemical Company et al., Appellants. Workmen's Compensation Board, Respondent.

Third Department, December 2, 1958.

*Williams, Williams, Volgenau & Tisdall* for appellants.

*Richard Doherty* for claimant-respondent.

*Louis J. Lefkowitz, Attorney-General* (*John J. Reilly* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

REYNOLDS, J. This is an appeal by the employer and its carrier from a decision of the Workmen's Compensation Board which denied the appellants' application for a rehearing on the basis of newly discovered evidence.

The claimant was injured on March 4, 1953, when chlorine fumes came in contact with his right eye. From that time until August, 1953, when he was discharged as recovered, he was treated by a Dr. Goetzman. In Dr. Goetzman's reports the vision in the claimant's right eye varied from 20/20 down to 20/25 and in his final examination it was reported as 20/40. When first examined by Dr. Blair, the board's doctor, on May 20, 1954 the vision with correction in claimant's right eye was 20/25. In an examination on September 9, 1954 it was found that the vision had improved slightly to 20/20-1. In Dr. Blair's report of an examination on May 31, 1955, he stated that the claimant reported a recent ulcer of the right cornea and found that the vision was then 20/60. In Dr. Blair's final examination on January 12, 1956, he reported the vision to be 20/60+2 and found a 65% schedule loss of vision due to the original accident. The referee on this same date found that there was a 65% loss of vision and awarded the claimant $3,328, which was for 104 weeks at $32 per week.

On February 8, 1956 the appellants made an application to reopen the case on the basis of newly discovered evidence. This evidence was a report from Dr. Goetzman to the effect that, unknown to the appellants, he had seen the claimant on May 14, 1955 and in his opinion the last attack in May, 1955 was not caused by the original accident. The board concluded that the appellants were guilty of laches in not having sooner obtained and submitted the report of Dr. Goetzman and the application to reopen was therefore denied.

The appellants maintain that the denial of the application for rehearing was an abuse of discretion and that they were not guilty of laches inasmuch as there was nothing to indicate to them that they were dealing with a condition that would not clear up.

There is no question that it is discretionary with the board as to whether or not it will grant an application for rehearing such as is here involved. It is also now well established that the courts will disturb the board's exercise of its discretion when its action has been arbitrary and capricious (*Matter of Barrow* v. *Loon Lake Hotel*, 3 A D 2d 783). The above case and the case of *Matter of Lawrence* v. *Meyer-Garry* (278 App. Div. 990) are cited by the appellants as examples of situations where the board's denial of an application for rehearing has been overturned by this court. In both of these cases the new evidence which was attempted to be presented indicated that the board's award had been based on perjured testimony. The appellants admit there is no claim of perjury here but maintain that in view of the report of Dr. Goetzman the board should further develop the record to determine if the claimant knew, when he was examined by the board's doctor, that his condition was unrelated to his accident of March 4, 1953. This assumes first that the claimant's condition was unrelated to his accident and upon this point there is, even with the report of Dr. Goetzman, at best, a conflict of medical experts. It secondly assumes that Dr. Goetzman made known to the claimant his opinion that his present condition was unrelated to the original accident. It does not appear in the report of Dr. Goetzman or in the record, that he made this opinion known to the claimant. In view of these facts it does not appear that the board's action in denying a rehearing was arbitrary or capricious.

The appellants further maintain there was nothing to indicate to them the nature of the condition or that it would not clear up. However, the examination on May 8, 1955, at which Dr. Blair stated the condition may improve was more than two years after the original accident. It should have also been apparent from the testimony of the claimant before the referee on the same day that he was claiming that his condition then, was caused by the same accident. Thus it appears that the appellants should have been aware that the claimant's condition might very well not clear up and that he was expecting compensation for the condition.

At the hearing on January 12, 1956, when the award was made the carrier's representative declined to question the board's doctor who had determined that there was a 65% loss of vision resulting from the accident of March, 1953. In *Matter of Carinci* v. *Pittston Stevedoring Corp.* (270 App. Div. 662, affd. without opinion 296 N. Y. 937) the carrier had not cross-examined the doctors and on the day the award was made asked that the case be reopened so that they might cross-examine the doctors in the

light of newly discovered evidence. The reopening was denied and this court affirmed saying that the appellants had been given ample opportunity at the hearings to raise any question they desired to. There was a time lapse herein of over two years between the accident and the flare-up of the condition in May, 1955, and over six months between this and the award of the board made in January, 1956.

It therefore appears that the board's exercise of its discretion should not be disturbed, and the decision should be affirmed.

FOSTER, P. J., BERGAN, GIBSON and HERLIHY, JJ., concur.

Decision and award affirmed, with costs to the Workmen's Compensation Board.