■ In the Matter of the Claim of EDNA M. WAGNER, Respondent, v. EMILE & ROBERT BEAUTY SALON et al., Appellants, and CLARENCE COUSINS et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal

by the employer and its carrier from a decision of the Workmen's Compensation Board denying the taking of new evidence in one case and the reopening of an earlier case. In 1951, claimant developed contact dermatitis while working for a different employer. An award was made and the case was eventually closed. Thereafter, in 1954, she again developed dermatitis while working for appellant employer. In her claim for compensation she disclosed the 1951 injury, and this earlier injury was also mentioned in a physician's report. The appellant employer did not at that time contest the claim, and an award was made. In August, 1964, appellants "discovered" that claimant had been examined and evidently treated for dermatitis by a Dr. Fritchey in 1945. Upon receiving this information, Dr. Markin, one of the physicians who had examined claimant at various times in connection with the 1954 case, wrote a report characterizing the 1954 dermatitis as a "recurrence" of the 1945 condition, and stating that claimant's inability to work was caused by the earlier disease and was not related to the 1954 exposure; in his opinion, claimant's status had reverted to this position in 1957. Dr. Rapp, who had examined claimant in connection with both the 1951 and 1954 awards, stated in a report, that he had previously been unaware of the 1945 condition; he characterized the 1945 exposure as "one factor" in the case and said that it had been responsible for many of the flareups from which she had suffered. Appellants then sought to have the 1951 case reopened and to have testimony in the 1954 case taken from the two physicians. They also sought to produce lay witnesses to show that claimant had withdrawn herself from the labor market. The board, in denying all requests, ruled that there was no evidence that claimant had sustained a recurrence of the 1951 condition and that a reopening of that case was therefore not justified. The report disclosing the 1945 tests and treatment was held not to constitute newly discovered evidence. The board found that claimant continued to have a causally related permanent partial disability and and that she had not left the labor market or prolonged her disability. The board has broad statutory authority to reopen cases and change its prior decisions (Workmen's Compensation Law, § 15, subd. 6-a; §§ 22, 123). Also rule 14 of the General Rules and Procedure of the Workmen's Compensation Board permits it to reopen on grounds of newly discovered evidence, change of condition, or interests of justice. Such determinations are directed primarily to the board's discretion and thus its decision to deny or grant a reopening will not be disturbed on appeal unless such decision is arbitrary and capricious (*Matter of Carinci* v. *Pittston Stevedoring Corp.*, 270 App. Div. 662, affd. 296 N. Y. 937; *Matter of Lu Core* v. *Hooker Electrochemical Co.*, 6 A D 2d 624). We see no reason to disturb the board's determination with respect to the 1951 case. The 1954 proceeding alone establishes appellants' liability and thus only its reversal or modification is necessary to affect their interests (*Matter of Bahry* v. *Nu-Glamore Salon*, 4 A D 2d 351). With respect to the 1954 proceeding appellants would first like to produce testimony that claimant's condition is an extension in whole or in part of the dermatitis she contracted in 1945. They assert that it was not until 1964 that they learned of the 1945 exposure and that its materiality is readily evidenced in the reaction of the doctors involved in the 1954 case. However, it is also evident that a Dr. Merrick submitted a report in connection with the 1951 proceeding which alluded to Dr. Fritchey's 1945 examination and discovery of claimant's sensitivity "to some cold wave solution." This report formed a part of the 42-page record in the 1951 proceeding which presumably appellants had available to them at the time of the 1954 proceeding. Since appellants obviously were aware of the 1951 proceeding, because it was based on a similar condition of dermatitis resulting from her work as a hairdresser and since the record involved is

clearly not voluminous, we cannot say that the board abused its discretion in holding that appellants should have discovered the existence of Dr. Fritchey's examination at the time of the 1954 proceeding and thus that the evidence was not newly discovered. (See *Matter of Lu Core* v. *Hooker Electrochemical Co., supra*; *Matter of Carinci* v. *Pittston Stevedoring Corp., supra*.) In passing it should be noted that it is not explained how the appellants procured Dr. Fritchey's report in August of 1964. It is thus at least inferable that they discovered his prior examination by reference to the record in the 1951 proceeding and, of course, if this was so there is no reason why they could not have made a similar discovery 10 years earlier, the appellants having been paying compensation for some 10 years. It is not unreasonable to expect some finality in these cases. Finally, appellants seek to establish that claimant is out of the labor market for reasons other than her physical condition. While there is some indication of new evidence to support such a contention, all of the medical witnesses whose testimony appellants wished to introduce clearly indicated that claimant's sensitivity to certain chemicals still prevents her from obtaining work in the field in which she is best suited, and while an award may not be made where reduced earnings are caused by factors other than the disability, an award is sustainable if the disability is even a contributory factor (see *Matter of Fromm* v. *Rochester Tel. Corp.*, 22 A D 2d 728). Accordingly, the board did not abuse its discretion in refusing to allow the submission of evidence on this question. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy and Staley, Jr., JJ., concur with Reynolds, J.