Jasen, J.
(dissenting). The sole question presented on this appeal is whether the Workmen’s Compensation Board abused its discretion in denying an application to reopen the claim on the ground of newly discovered evidence.
*392 Pauline Rusyniak, the claimant herein, married Anthony Rusyniak, the decedent, in 1952. Four children were born of the marriage. On April 7, 1960, the marriage was dissolved in the State of Alabama. The claimant, after accepting service of process, appeared in that proceeding by an attorney. Thereafter, claimant, who had not remarried, gave birth to two additional children.
On December 6, 1965, decedent was killed in the crash of an airplane he was operating. On February 9, 1967, claimant filed a workmen’s compensation claim on behalf of her children. At several hearings on this claim, claimant testified that her marriage to the decedent had been terminated by an Alabama divorce. The referee’s initial decision dated August 22, 1967 contained a statement describing the claimant as "divorced wife of Anthony Rusyniak not statutory dependent.” In a related hearing involving the deceased copilot of the plane in which the decedent was killed, claimant also testified before a referee that she was the former wife of the decedent and that the marriage had ended in divorce.
In addition to these workmen’s compensation proceedings, on February 24, 1966 claimant filed a petition in the Surrogate’s Court seeking letters of administration in the estate of the decedent stating "the said decedent left him surviving no widow”. Again, on September 18, 1968, claimant deposed in a petition filed in Surrogate’s Court "That the said Anthony Rusyniak left no spouse surviving him, since your Petitioner and the deceased were legally divorced prior to his death”.
Nevertheless, on August 8, 1969, claimant, ex parte, petitioned the Superior Court in Alabama, which had dissolved her marriage to the decedent in 1960, to declare the divorce null and void upon the grounds that neither she nor the decedent was or had ever been bona fide residents of the State of Alabama, and that she did not "remember whether she signed any document with reference to said cause and subsequent divorce decree”. Solely upon her ex parte petition, the Alabama court set aside the 1960 divorce decree.
Armed with this order of nullification, claimant filed, on December 11, 1969, a new workmen’s compensation claim for *393 benefits as widow of the decedent. On April 23, 1970, at a hearing before a referee, claimant’s attorney stated that the Surrogate of Onondaga County had determined that "the divorce in Alabama was not valid.” Although the attorney agreed to send the referee a certified copy of the order, this was not done. Nonetheless, after further hearings, the referee on October 2, 1970, found, inter alia, that the claimant was the decedent’s widow and made appropriate awards to her and the children. On November 12, 1971, the award was affirmed by the Workmen’s Compensation Board.
On June 26, 1972, while an appeal from that affirmance was pending before the Appellate Division, the attorney for the employer and for the carrier for the first time examined the records in Surrogate’s Court pertaining to the estate of Anthony Rusyniak. He found no record of any order of that court which claimant’s attorney had referred to at the April 23, 1970 hearing which purported to declare the Alabama divorce invalid. He also spoke with the guardian ad litem who had been appointed to protect the interests of the oldest four Rusyniak children and learned for the first time that the Alabama decree voiding the divorce had been obtained in an ex parte proceeding. Hence, on July 10, 1972, he applied to the board for a rehearing based on the newly-discovered evidence — namely, that the Surrogate had not in fact entered an order declaring the Alabama divorce invalid, as represented by the claimant’s attorney to the workmen’s compensation referee, and that the Alabama court had voided the divorce in an ex parte proceeding. The board, without a hearing, denied the application on February 23, 1973. An appeal from that decision was consolidated with the appeal from the board’s original decision affirming the award. The Appellate Division affirmed both decisions.
While it has long been the rule that an application to reopen a claim is entirely discretionary with the Workmen’s Compensation Board (Matter of Carinci v Pittston Stevedoring Corp., 270 App Div 662, 664, affd without opn 296 NY 937), it is equally settled that a denial of an application for a rehearing, based upon an allegation of newly-discovered evidence, may constitute an abuse of discretion where the newly-discovered evidence may have mandated a different result had it *394 been available originally (Matter of Williams v L & J Painting Corp., 15 AD2d 837; Matter of McLaskey v City of New York, 277 App Div 1068). This is particularly true where the allegation is that the newly-discovered evidence consists of recently exposed perjury (Matter of Barrow v Loon Lake Hotel, 3 AD2d 783; Matter of Lawrence v Meyer-Garry, 278 App Div 990). However, the board commits no abuse of discretion where the alleged newly-discovered evidence was previously known and available to the party seeking a rehearing (Matter of Centofante v Belcoo Taxi Corp., 38 AD2d 983), or where it is merely the same evidence that is already in the record (Matter of Szewczuk v Bethlehem Steel Co., 19 AD2d 915), or where reasonable inquiry would have revealed the evidence earlier (Matter of Wagner v Emile & Robert Beauty Salon, 27 AD2d 608), or where no excuse is given for a failure to secure such information earlier (Matter of McNamara v New Process Gear Div., Chrysler Corp., 43 AD2d 603).
Applying these rules, I conclude that the board abused its discretion in summarily denying the application for a rehearing. Although this case does not necessarily involve a discovery of perjured testimony, it is clear that the claimant has not acted in good faith throughout these proceedings.
The principal issue presented to the referee was whether the claimant was the legal widow of the decedent. The initial determination of the referee on August 22, 1967 described the claimant as "divorced wife of Anthony Rusyniak not statutory dependent.” Several years later, after obtaining an ex parte order from the Alabama court, declaring the 1960 divorce decree void, the claimant moved to reopen the claim. Based primarily upon the ex parte Alabama order voiding claimant’s divorce to the decedent, the referee overturning the initial determination holding the claimant as the "divorced wife of Anthony Rusyniak”, declared her the widow of the decedent and made an appropriate award. This purported voidance of the divorce was clearly not entitled to full faith and credit in New York (Griffin v Griffin, 327 US 220, 228),* as minimum due process requirements were not met. It is uncontroverted that none of the interested and necessary parties were cited or *395 informed of the proceeding. Thus, had the board known that the order was obtained ex parte and as a result not entitled to full faith and credit, it could not have properly determined that the claimant was the decedent’s widow.
Since I conclude that the board abused its discretion in summarily denying the application for a rehearing, the order of the Appellate Division should be reversed and the claim remitted to the Workmen’s Compensation Board for further proceedings.
Judge Gabrielli concurs in an opinion by Judge Jones; Judge Wachtler concurs in an opinion by Judge Fuchsberg; Judge Jasen dissents and votes to reverse in another opinion in which Chief Judge Breitel concurs; Judge Cooke taking no part.
Order affirmed, without costs.

 The divorce decree obtained in the State of Alabama in 1960 would, however, be *395 entitled to full faith and credit in New York if both parties in fact consented to the jurisdiction of the Alabama court (Matter of Joseph, 27 NY2d 299).