■ In the Matter of the Claim of GIOVANNI BARONE, Claimant, v INTERSTATE MAINTENANCE CORPORATION et al., Appellants, and TRAVELERS INSURANCE CORPORATION, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [900 NYS2d 511]—

Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed October 23, 2008, which denied the employer's request for reconsideration and/or full Board review.

In May 1993, claimant suffered a heart attack while loading 250-pound bags of wire into a van at the employer's warehouse in New Jersey. Claimant, a New York resident, was to transport the wire to Brooklyn. The employer filed a report of the accident, and claimant applied for workers' compensation benefits in New York. Travelers Insurance Corporation, which provided workers' compensation coverage to the employer in New Jersey, controverted coverage on the ground that it did not insure the employer for New York accidents. Although multiple notices of hearings were served upon the employer at the New Jersey address listed on the accident report and the Workers' Compensation Board served a subpoena ordering the employer to appear through service on the Secretary of State, the notices were returned as undeliverable and the employer failed to appear.

Ultimately, the Board, reversing a Workers' Compensation Law Judge's ruling, concluded in a 1996 decision that subject matter jurisdiction existed. Thereafter, Travelers was discharged from the case and claimant was awarded compensation. In 1998, insurance brokers writing on behalf of the employer sent the Board three letters acknowledging the employer's receipt of a notice to pay the Uninsured Employers Fund as a result of the claim. The brokers indicated that the employer had gone out of business and asserted that Travelers should have covered the accident. The case was then dormant for 10 years, until the employer and its president applied for reconsideration and/or full Board review of the Board's 1996 decision finding subject matter jurisdiction. The Board denied the application, prompting this appeal.

Inasmuch as the employer appeals only the Board's decision

denying reconsideration and/or full Board review, "the merits of the underlying decision are not properly before us. Rather, our review is limited to determining whether the Board's denial of [the employer's] application was arbitrary and capricious or otherwise constituted an abuse of discretion" (*Matter of Nikolaeva v Cattaraugus County Nursing Home*, 37 AD3d 969, 969 [2007] [citations omitted]; *see Matter of Snarski v New Jersey Mfrs. Ins. Group*, 20 AD3d 803, 804 [2005]). Here, the employer failed to demonstrate the existence of any newly discovered evidence, a material change in condition or that the Board improperly failed to consider the issues raised before it. Furthermore, the employer failed to make its application "within a reasonable time after [it] . . . had knowledge of the facts constituting the grounds upon which such application [was] made" (12 NYCRR 300.14 [b]). Accordingly, we cannot say that the Board abused its discretion in denying the employer's request for reconsideration and/or full Board review (*see Matter of Rusyniak v Syracuse Flying School*, 37 NY2d 384, 387-388, 390-391 [1975]; *Matter of D'Errico v New York City Dept. of Corrections*, 65 AD3d 795, 796-797 [2009], *appeal dismissed* 13 NY3d 899 [2009]; *Matter of Snarski v New Jersey Mfrs. Ins. Group*, 20 AD3d at 804-805; *Matter of Wagner v Emile & Robert Beauty Salon*, 27 AD2d 608, 610 [1966]).

Finally, we note that the employer's arguments regarding personal jurisdiction and allegedly improper conduct of Travelers were not raised before the Board in the application for reconsideration and/or full Board review and, thus, are unpreserved for our review (*see Matter of Beers v Jump Start Advanced Academics*, 57 AD3d 1026, 1028 [2008]; *Matter of Huang Sheng Ku v Dana Alexander, Inc.*, 12 AD3d 988, 989 [2004]).

Peters, Rose, Stein and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.