Feters, EJ.
Appeal from a decision of the Workers’ Compensation Board, filed October 4, 2012, which, among other things, denied claimant’s request for a change of venue.
Claimant, who resides in Brooklyn, filed a claim for workers’ compensation benefits. Claimant’s counsel thereafter sent a letter to the Workers’ Compensation Board requesting that all future hearings related to the claim be held at the hearing location in the City of White Flains, Westchester County. Relying on a policy statement from the Chair of the Board regarding requests for venue changes, a Workers’ Compensation Law Judge denied the application. Upon review, the Board affirmed the denial, finding that sufficient justification had not been provided for a change of venue, and assessed a $500 penalty to claimant’s counsel for filing the application for Board review without reasonable grounds. Claimant appeals and we affirm.
Claimant’s sole contention is that the Board’s decision must be rescinded in its entirety because the policy statement was not properly promulgated. Inasmuch as claimant did not raise this issue before the Board, it is not preserved for our review (see Matter of Toledo v Administration for Children Servs., 112 *1047 AD3d 1209, 1210 [2013]; Matter of Barone v Interstate Maintenance Corp., 73 AD3d 1302, 1303 [2010]). In any event, as we held in Matter of Toledo v Administration for Children Servs. (supra), the publication at issue is merely “an interpretive or explanatory statement of general policy” that is exempt from the definition of a “rule” under the State Administrative Procedure Act and its rule-making requirements (id. at 1210; see State Administrative Procedure Act § 102 [2] [b] [iv]; Matter of Board of Educ. of the Kiryas Joel Vil. Union Free Sch. Dist. v State of New York, 110 AD3d 1231, 1233-1234 [2013], lv denied 22 NY3d 861 [2014]). Accordingly, we find no basis upon which to disturb the Board’s decision.
Stein, Rose and Egan Jr., JJ., concur.
Ordered that the decision is affirmed, without costs.