*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  August 7, 2014                517964
_____

In the Matter of the Claim of
    CHANTEL THOMAS-FLETCHER,
                    Appellant,
        v                                   MEMORANDUM AND ORDER

NEW YORK CITY DEPARTMENT OF
    CORRECTIONS,
                    Respondent.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  May 29, 2014

Before:  Peters, P.J., Rose, Egan Jr., Lynch and Devine, JJ.

                    _____

        Law Offices of Joseph Romano, Yonkers (Anthony Brooks-Morgese of counsel), for appellant.

        Jared Bretas, City of New York Law Department, New York City, for New York City Department of Corrections, respondent.

        Eric T. Schneiderman, Attorney General, New York City (Steven Segall of counsel), for Workers' Compensation Board, respondent.

                    _____

Rose, J.

        Appeal from a decision of the Workers' Compensation Board, filed June 25, 2013, which, among other things, assessed a monetary penalty against claimant's counsel pursuant to Workers' Compensation Law § 114-a (3) (ii).

Claimant, who resides in New York City, was injured in the course of her duties as a correction officer for the New York City Department of Corrections and applied for workers' compensation benefits. She thereafter signed an undated form on her counsel's letterhead requesting that hearings on her claim be held in the City of White Plains, Westchester County on the ground that it was "the most convenient location." A Workers' Compensation Law Judge denied the request, based upon the Board's statement of general policy providing that venue change requests involving a municipal corporation "shall not be granted except to a district office where the employer is located" and assessed costs of $500 against claimant's counsel pursuant to Workers' Compensation Law § 114-a (3) (ii). Upon review, the Workers' Compensation Board affirmed the denial of the request and, upon its finding that counsel had based its appeal for full Board review on arguments that counsel knew had been previously rejected by the Board, increased the penalty to $750. Claimant now appeals.

We affirm. Claimant's challenge to the denial of the change of venue request is not preserved for our review as it was not raised before the Board (see Matter of Barone v Interstate Maintenance Corp., 73 AD3d 1302, 1303 [2010]). Regarding the challenge to the assessment of costs, the Board is permitted to assess reasonable counsel fees against counsel where a proceeding has been instituted or commenced "without reasonable ground" (Workers' Compensation Law § 114-a [3] [ii]), and a request for a change of venue is considered to constitute a proceeding for the purposes of the statute (see Matter of Banton v New York City Dept. of Corr., 112 AD3d 1195, 1196 [2013]). Here, inasmuch as White Plains has no obvious connection to claimant, who lives and works in New York City, substantial evidence supports the Board's determination that the change of venue request was made without a reasonable basis (see Matter of Toledo v Administration for Children Servs., 112 AD3d 1209, 1210 [2013]; Matter of Wolfe v New York City Dept. of Corr., 112 AD3d 1197, 1198 [2013]; Matter of Banton v New York City Dept. of Corr., 112 AD3d at 1196-1197). Finally, under these circumstances, we discern no abuse of discretion in the Board's assessment of $750 in costs (see Workers' Compensation Law § 114-a [3] [ii]). Claimant's remaining contentions have been considered and found to be

without merit.

Peters, P.J., Egan Jr., Lynch and Devine, JJ., concur.


ORDERED that the decision is affirmed, without costs.




ENTER:

*Robert D. Mayberger*

Robert D. Mayberger
Clerk of the Court