Matter of Salinas v Power Servs. Solutions LLC (2021 NY Slip Op 07321)





Matter of Salinas v Power Servs. Solutions LLC


2021 NY Slip Op 07321


Decided on December 23, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 23, 2021

530021 531210
[*1]In the Matter of the Claim of Michel Salinas, Claimant,
v
Power Services Solutions LLC et al., Appellants, and South Side Services Inc. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:November 17, 2021

Before:Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Cherry, Edson & Kelly, LLP, Melville (Ralph E. Magnetti of counsel), for appellants.
Foley, Smit, O'Boyle & Weisman, Hauppauge (Jennifer K. Arcarola of counsel), for South Side Services Inc. and another, respondents.
Jones Jones LLC, New York City (David Secemski of counsel), for Ace American Insurance Company, respondent.
Letitia James, Attorney General, New York City (Donya Fernandez of counsel), for Workers' Compensation Board, respondent.



Clark, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed August 5, 2019, which ruled, among other things, that the application of Everest National Insurance Company for review of a decision of the Workers' Compensation Law Judge was untimely, and (2) from a decision of said Board, filed October 28, 2019, which denied an application by Everest National Insurance Company for reconsideration and/or full Board review.
Claimant experienced a work-related accident in 2017, and a Workers' Compensation Law Judge (hereinafter WCLJ) subsequently established the claim for postconcussive syndrome, major depressive disorder and various other injuries. The identification of claimant's employer occurred over a series of hearings and through a number of ordered investigations, and the WCLJ ultimately found that claimant was employed by Salvador Almonte, the owner and operator of, among other businesses, Power Services Solutions LLC, and that the accident occurred while claimant was performing work for Kingdom Associates Inc., which had a contract with Power Services. The workers' compensation carrier for Kingdom, Starr Indemnity & Liability Company, eventually submitted a certificate of insurance to the WCLJ that indicated that Everest National Insurance Company provided coverage to Power Services at the time of the subject accident. By decision filed December 5, 2018, the WCLJ determined that Everest needed to be put on notice, and a copy of that decision was mailed to Everest. The WCLJ also issued an EC-16.1 on January 23, 2019 indicating that a hearing had been scheduled for February 11, 2019.
Due to an apparent printing error, Everest's name and address on the notice of hearing were obscured by a list of the dozens of other interested parties on this claim. Everest failed to appear at that hearing, and the WCLJ ultimately discharged several other would-be employers and carriers, finding that Power Services was the proper employer and that Everest was the proper carrier. A copy of the February 14, 2019 decision memorializing those findings was also mailed to Everest. That decision, however, continued to caption Kingdom as the employer and Starr as the carrier, reflecting same on the recipient page where Everest was still listed as only an interested party. On March 7, 2019, the Workers' Compensation Board filed a corrected EC-1 form reflecting that Everest was the proper carrier for the subject claim.
Everest and its third-party administrator appealed to the Board on May 23, 2019, arguing, among other things, that the notice sent to it for the February 11, 2019 hearing was deficient and that it never provided coverage for Power Services. In support of its claim, Everest proffered evidence that the policy number reflected in the certificate of insurance provided to the Board pertained to a different employer and had, in any event, been canceled by Everest for misrepresentation prior to the date of the subject accident. Everest urged [*2]that the certificate was fraudulent and requested that the Board exercise its discretion to entertain the belated appeal to correct that fraud. By decision filed August 5, 2019, a panel of the Board denied the appeal on the ground that it was untimely, finding that, although the notice issue could possibly excuse Everest's absence from the February 11, 2019 hearing, no explanation was provided for its delay in appealing the February 14, 2019 decision, which Everest had not denied receiving. Everest sought discretionary full Board review on September 3, 2019, maintaining, in pertinent part, that the only proof that it is involved in this claim is a fraudulent document. Meanwhile, on or around September 5, 2019, Almonte was indicted for his alleged participation in an extensive insurance fraud scheme, which notably involved the creation and issuance of false certificates of insurance. By decision filed October 28, 2019, the full Board denied Everest's application, and these appeals ensued.
"A party seeking review of a WCLJ's decision is required to file an application for review with the Board within 30 days of the filing of the decision" (Matter of Zuniga v Aliah Home Care Inc., 183 AD3d 983, 984 [2020] [internal quotation marks and citations omitted], lv denied 36 NY3d 904 [2020]; see Workers' Compensation Law § 23; 12 NYCRR 300.13 [b] [3] [i]; Matter of Barry v Verizon N.Y. Inc., 197 AD3d 1421, 1422 [2021]). The Board is afforded broad discretion to accept or reject such application as untimely, and, absent an abuse of that discretion, the Board's determination will not be disturbed (see Matter of Zuniga v Aliah Home Care Inc., 183 AD3d at 984; Matter of D'Addio v Peter Annis, Inc., 105 AD3d 1113, 1114 [2013]). In our view, the Board abused that discretion here.
Initially, we disagree that Everest has supplied no explanation for its belated appeal. The early stages of this claim were notably protracted, and Everest was brought into the fold a year and a half after the claim was filed, missing the first six hearings and all of the investigations regarding claimant's actual employer and issues of coverage. Correspondence sent to Everest, including the February 14, 2019 decision, continued to facially reflect that Kingdom and Starr were responsible for this claim. It is only in the middle of a paragraph on the second page of that decision that Power Services is named as the employer and Everest as its carrier. The Board did not update its own file to reflect the proper carrier until about one month after the February decision, and, although that may have given Everest several days in which to still file a timely appeal, there is no indication, or allegation, in the record before us that the corrected notice of case assembly was also forwarded to Everest. In our view, the foregoing provides an explanation for both the failure to appear and the failure to timely appeal. It is not difficult to understand why Everest, receiving either defective [*3]or facially misleading correspondence from the Board regarding this claim, was not immediately aware that a policy attributed to it — covering an employer with which it had never contracted — was at issue (cf. Matter of Hopkins v Alcas Corp., Cutco Cutlery, 63 AD3d 1342, 1343-1344 [2009]; compare Workers' Compensation Law § 54 [2]; Matter of Druziak v Town of Amsterdam, Cranesville Fire Dept., 209 AD2d 870, 872 [1994], lv denied 85 NY2d 809 [1995]).
Significantly, the proof submitted by Everest in support of its administrative appeal strongly suggests that the certificate of insurance provided to the Board was not authentic, and, based upon the limited record before us, the certificate appears to have been an important, if not the only, factor in the WCLJ's decision as to Everest. In other words, Everest has brought to the Board's attention the strong possibility that it has issued a decision based perhaps entirely upon fraudulent documentation. Although we are cognizant of the fact that the Board has broad discretion as to this matter and will generally not be considered to have abused that discretion by strictly enforcing its own regulations, we can discern no rational reason why the Board would decline to investigate when presented with legitimate, presently uncontested evidence that a fraud was perpetrated upon it (see Matter of Barrow v Loon Lake Hotel, 3 AD2d 783, 784 [1957]; Matter of Lawrence v Meyer-Garry, Inc., 278 App Div 990, 990 [1951]). Under these facts, "[i]t is not an adequate answer to say that this kind of determination is usually discretionary" (Matter of Lawrence v Meyer-Garry, Inc., 278 App Div at 990), and, in our view, the very purpose of the discretion afforded to the Board is to grant relief in circumstances such as these (cf. Matter of Barth v Cassar, 45 AD2d 161, 163 [1974], lv denied 35 NY2d 642 [1974]). The development brought to our eattention regarding Almonte's criminal charges is not part of the administrative record, but it is a matter of public record and need not be ignored (see Matter of J.D. [S.A.-M.A.], 196 AD3d 423, 424 [2021]; People v Alnutt, 107 AD3d 1139, 1141 n 6 [2013], lv denied 22 NY3d 1136 [2014]; Matter of Jeffries v Steiner, 85 AD3d 1431, 1431 n [2011]).[FN1] Based upon the foregoing, we find that the Board abused its discretion in denying Everest's application for review (cf. Matter of Barrow v Loon Lake Hotel, 3 AD2d at 783; Matter of Lawrence v Meyer-Garry, Inc., 278 App Div at 990; compare Matter of Rusyniak v Syracuse Flying School, 37 NY2d 384, 387-388 [1975]; Matter of Venezia v Vigliarolo, 191 AD2d 797, 798 [1993]; see generally Matter of Mangum v National Union Fire Ins. Co., 14 AD3d 968, 971 [2005]; Matter of Evans v Jewish Home & Hosp., 1 AD3d 736, 737-738 [2003], lv dismissed 2 NY3d 823 [2004]).[FN2]
In light of this conclusion, we need not address Everest's remaining arguments.
Egan Jr., J.P., Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the decision filed [*4]August 5, 2019 is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.
ORDERED that the appeal from the decision filed October 28, 2019 is dismissed, as academic, without costs.



Footnotes

Footnote 1: It would seem unlikely that a criminal matter involving allegations of pervasive workers' compensation insurance fraud was unknown to the Board by the time of its full Board decision or, at the very least, the Board panel decision settling the record for this appeal — issued over a year after Almonte's highly-publicized indictment (see generally City of New York Department of Investigation, Press Release No. 09-2020, available at https://www.manhattanda.org/d-a-vance-nyc-doi-commisssioner-nys-inspector-general-announce-indictment-of-unlicensed-labor-broker-for-million-dollar-insurance-fraud/). The Board of course retains continuing jurisdiction to make modifications to prior decisions upon its own motion (see Workers' Compensation Law §§ 22, 123; Matter of Sanchez v Jacobi Med. Ctr., 182 AD3d 121, 128 [2020]), and the source of information that prompts such review is immaterial (see Matter of Miller v Stoddard Rest., Inc., 281 App Div 722, 723 [1952], lv denied 305 NY 931 [1953]). We also take judicial notice of a press release issued by the City of New York Department of Investigation that reflects that Almonte's codefendant has since pleaded guilty (see Matter of Executive Cleaning Servs. Corp. v New York State Dept. of Labor, 193 AD3d 13, 18 n 4 [2021]; see generally City of New York Department of Investigation, Press Release No. 09-2020, available at https://www1.nyc.gov/assets/
doi/press-releases/2020/August/09southside_83120.pdf).

Footnote 2:Everest's submissions concerning the fraud alleged are accompanied by an appropriate affirmation and could not have been presented at any point prior to its first administrative appeal given the flawed notice (see 12 NYCRR 300.13 [b] [1] [iii]).